## Collins v. Commonwealth.

(Decided February 9, 1912.)

## Appeal from Nelson Circuit Court.

1. House Breaking—Opening Screen Door—Felonious Intent—Stealing Shoes.—The opening of a screen door, which was closed, though not fastened, and taking a pair of shoes from the store which appellant thus entered, being done with felonious intent, constituted a breaking into the store house within the meaning of Section 1164, Kentucky Statutes.

2. Same—What Constitutes Breaking—Breaking implies force, but the slightest force is sufficient. The lifting of a latch, the turning of a knob, the picking of a lock, or opening with a key, or pushing open a closed door though it is neither latched, bolted, nor locked, the hoisting of a window, is an actual breaking within the meaning of the statute.

GEO. S. and JNO. A. FULTON for appellant.

JAMES GARNETT, Attorney General and M. M. LOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant was tried and convicted in the Nelson Circuit Court under an indictment charging him with the crime of feloniously breaking into a store house. The judgment entered in conformity to the verdict fixed his punishment at confinement in the penitentiary not less than one, nor more than five years.

The indictment was found under section 1164, Kentucky Statutes, which provides:

"If any person shall feloniously, in the night or day, break any warehouse, store house, office, shop or room, in a steam, wharf or other boat, whether such place be or not a despository for goods, wares or merchandise, and whether the goods, wares and merchandise be or be not exposed for sale, in such place with intent to steal, or shall feloniously take therefrom or destroy any goods, wares or merchandise, or other thing of value whether the owner or other person be or be not in such house, office, room or shop, he shall be confined in the penitentiary not less than one nor more than five years."

The store house alleged to have been broken into is situated in the city of Bardstown and owned by the Nelson Dry Goods Company. The building has double rooms or compartments divided by a partition containing one or more openings. In one of the rooms is the grocery department of the Nelson Dry Goods Company's business, and in the other its dry goods department. Each room contains a front door opening on the street and a rear door opening on an alley. The rear doors have outside screens with coil springs which make them self closing.

The evidence for the Commonwealth shows that on Saturday night, July 29th, 1911, J. C. White, manager of the Nelson Dry Goods Company, while waiting on a customer in the front end of the dry goods department of the store, heard the rear screen door close. Upon looking a moment later in that direction, he saw appellant near where the shoes were kept, also near the screen door, moving toward the screen door, through which he immediately passed out into the alley back of the store. About an hour later, appellant again entered the store, but by the front entrance, and brought with him a new pair of shoes which he informed White he wished to exchange for a smaller pair. White at once recognized the shoes as of the stock and quality kept by him, and in ad-

dition identified them as a pair kept on exhibition at the place in the store where he had seen appellant that night just before he left by way of the rear door. White asked appellant where he got the shoes and he said he had purchased them of White. White denied that appellant had purchased the shoes of him, accused him of stealing them, and requested some one present to call Philipps, a policeman; hearing which appellant attempted by flight to make his escape, but was followed and captured by White as Philipps made his appearance. According to the further testimony of White it was his custom to keep the rear inner doors of the store closed and locked when conducting business therein at night, but on the Saturday night in question, he left the inner rear door of the dry gods department open, hoping by that means to catch a certain person whom he had for some time suspected of stealing goods from that end of the store. Notwithstanding the leaving open of the inner rear door, the screen door remained closed, but not fastened. When the screen door is opened to enable one to pass in or out of the store, the recoil of the wire spring forces it to immediately close with a slight noise, and it was this noise that attracted White's attention immediately before he saw appellant in the act of leaving the store by the rear door.

Only three witnesses were introduced for the Commonwealth, and appellant did not himself testify, or offer any evidence, in his behalf. He insists, however, that the evidence for the Commonwealth failed to establish his guilt, and that for this reason the jury should have been peremptorily instructed to acquit him. We do not concur in this view of the case. The felonious taking of the pair of shoes by appellant was established by the facts showing that he had the opportunity to take them; that he entered and left the store by the back door, an unusual way for him to enter and leave the building; that he later returned to the store for the purpose of exchanging the shoes for a smaller pair, and following their identification by White as the property of the Nelson Dry Goods Company and the latter's inquiry as to where he got them, appellant falsely claimed to have purchased them of White, and finally when he was accused of the theft of the shoes, attempted to flee.

It is further insisted by appellant's counsel that the foregoing facts, even if regarded conclusive of appellant's guilt of stealing the shoes, furnished no evidence

of a felonious breaking by him of the store. We must also dissent from this conclusion. According to the testimony of White, appellant could only have entered the store on his first visit by the rear, or alley entrance, which he had to enter by pulling open the screen door, and which, although unfastened, was so tightly and securely closed and fitted to the frame of the door, that the use of some strength and pulling force was required to open it. This being true the act of appellant in opening the screen door and in that way entering the building, constituted a breaking within the meaning of the statute, the felonious intent with which it was done being shown by appellant's stealing the shoes following his entrance into the building.

We do not agree with appellant's counsel that the keeping open of the store by the proprietors for business, was an invitation to appellant to enter the store room in the manner adopted by him, in view of the evident object he had in so entering it. The question is, did he in thus entering the building commit the crime denounced by the statute, supra? We think there was some evidence authorizing the jury to conclude that he did, therefore, we can not disturb the verdict.

In Roberson's Criminal Law, section 303, it is said on this subject:

"There must be some breaking to constitute the crime of burglary (or house breaking). Breaking as used in this connection, implies force; but the slightest force is sufficient. Thus, the lifting of latch, or the turning of a knob, in opening the door, the picking of a lock, or opening with a key, or pushing open a closed door, though it is neither latched, bolted, nor locked, the hoisting of a window, the removal or breaking of a pane of glass, or unloosening any other fastenings to doors or windows which the owner has provided as a security to the house, is an actual breaking. So it is breaking to push open a closed, but unfastened transom over a door, or to force open closed blinds, or to push up or raise a trap door held in place by its own weight merely."

In Rose v. Commonwealth, 19 R., 272, we said on this subject:

"The mere lifting of latch and so opening a door not otherwise fastened, or pushing upward or lowering a sash, or raising a trap door has been held to be a breaking. (1 Bishop Crim. Law, section 312); and where a door had no latch, but fitted closely within the casing,

and force was required to push it open, the pressing open of this door was held to be a breaking.'' Commonwealth v. Ballard, 18 R., 782; Gaddy v. Commonwealth, 25 Rep., 1585.

Tested by the rule announced in the authorities supra, and others too numerous to mention, the conclusion is inevitable, that the manner in which appellant effected an entrance into the building in question was housebreaking.

The instructions given on the trial are not objected to, and no reason appearing from the record for disturbing the verdict, the judgment is affirmed.