Gene WALKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Jim L. Lindblad and Joseph J. Grace, Paducah, for appellant.

John Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Gene Walker appeals from a judgment which sentenced him to five years' imprisonment pursuant to a verdict convicting him of breaking and entering a dwelling house. The evidence on which he was convicted consisted of the testimony of an accomplice, implicating him directly, and some circumstantial evidence offered by way of corroboration. Walker's sole argument is that the corroborating evidence was insufficient to meet the requirement, under RCr 9.62, of "tending to connect the defendant with the commission of the offense."

Early in the morning on January 17, 1970, a house in Kevil, Kentucky, was broken into and several items of personalty were stolen, including a pistol. Subsequently Charles Augustus, Danny Hixon and Walker were charged with the offense. Augustus and Hixon pleaded guilty, and Augustus gave testimony implicating Walker.

The only evidence offered to corroborate the accomplice's testimony was that Walker left Kentucky on a motor trip to Florida, with Augustus and Hixon in the latter's car, on the night of January 17, 1970; on their way back from Florida, on January 19, they were halted by police at a traffic-checking roadblock in Georgia; they were charged with traffic violations and taken into custody by the Georgia police, who found in the possession of Augustus a pistol, which was later identified as the one taken in the break-in in Kevil; at the time of the arrest in Georgia Walker attempted to conceal his identity by giving numerous aliases and presenting a false driver's license; after being released from custody in Georgia Walker went to Maryland where, several months later, he was arrested on a fugitive warrant growing out of the break-in charge; while free on bond in the fugitive proceedings, Walker fled from Maryland to Florida, where he was eventually arrested and returned to Kentucky; Walker admitted in testifying on his trial that he knew that "hot" merchandise could be disposed of in Florida.

It is our opinion that the evidence was insufficient to corroborate the testimony of the accomplice. The evidence did no more than place Walker in the company of the perpetrators of the crime beginning at a time several hours after the commission of the offense, and raise an inference, from his subsequent actions, that he might have been guilty of *some* offense. This was not enough. See Commonwealth v. Truglio, Ky., 371 S.W.2d 648; Hallmark v. Commonwealth, Ky., 462 S.W.2d 938; Hodges v. Commonwealth, Ky., 473 S.W.2d 811 (decided September 24, 1971).

The judgment is reversed, with directions that if upon another trial the evidence is substantially the same, the court shall direct a verdict of acquittal.

All concur.