Oscar "Boss" NICHOLS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1972.

Dale B. Mitchell, Burns, Maricle & Mitchell, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Oscar "Boss" Nichols was convicted by a jury in the Jackson Circuit Court of the offense of selling alcoholic beverages in violation of the local option law. He was sentenced to sixty days in the county jail and fined $100. Nichols has moved for an appeal. We affirm.

■ Two Alcoholic Beverage Control agents testified that on the afternoon of July 15, 1970, they went to the appellant's home and while there one of them purchased a pint of whisky for $5.00. Subsequent to this transaction, appellant was indicted for violation of the local option law, third offense. Appellant was convicted, however, only of a violation, first offense. During the trial the Commonwealth introduced evidence of appellant's two prior convictions. Appellant objected to the introduction of this evidence on the ground that he did not have a lawyer and had not been advised of his constitutional rights at the time of his previous trials. In view of the fact that appellant was convicted only of a first-offense violation, we fail to see that the evidence of the prior convictions in any way prejudiced his rights in the instant case.

■ Appellant contends that the trial court erred in making certain comments on the testimony. We find that the trial court's comments did not reflect upon the credibility of the witnesses; neither did they tend to indicate the court's view of the quality or weight of the evidence. It is obvious to us that the trial court acted

within its discretion in seeking to avoid repetitious and irrelevant questioning. Under the particular circumstances of this case, the slight participation by the trial court was not sufficient to justify a reversal. Chism v. Lampach, Ky., 352 S.W. 2d 191 (1961).

 During the trial the Commonwealth, over the objection of the appellant, introduced testimony relating to the appellant's reputation of being engaged in the illegal trafficking in alcoholic beverages. The appellant contends that such evidence was not confined to a reasonable time prior to the alleged offense. Although the witness testified that he had known the appellant for about six years, his acquaintance with appellant's "bad reputation" was stated to be as of the date and at the time of the alleged illegal sale of the intoxicants. This plainly met the reasonable-time test.

The judgment is affirmed.

All concur.