Charles Randell **WHITAKER** and Willard
Frederick Wells, Appellants,

v.

**COMMONWEALTH** of ,Kentucky, Appellee.

*Court of Appeals of Kentucky.*

March 31, 1972.

Robert J. McDaniel, Paris, for appellants.

John B. Breckinridge, Atty. Gen., Jackson D. Guerrant, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Charles Randell Whitaker and Willard Frederick Wells were convicted in the Nicholas Circuit Court of breaking and entering a dwelling house with intent to steal. KRS 433.180. Their punishment was fixed by the jury at two years' confinement in the state penitentiary. They appeal. We affirm the judgment as to Whitaker and reverse the judgment as to Wells.

The evidence discloses that Mabel Kendall, wife of Howard Kendall, owned a farm in Nicholas County. The improvements thereon consisted of a tenant house, smokehouse, garage, and a barn. The Kendalls did not live on the farm. The house was partially furnished. Gobel White, a neighbor of the Kendalls', testified that he observed a red and white 1959 Ford automobile stop at the tenant house about noon on Saturday, March 20, 1971. He saw four unidentified persons emerge from the car and walk through the yard. They went to the smokehouse and to the tenant house. A short time later, White saw them carrying objects out to the car. They left the premises in the automobile. After being informed by White of these events, the Kendalls went to the tenant house. They found the back door, which had been locked, forced open. They also found that nails used to fasten the front door had been removed. The smokehouse, which had been locked, gave the appearance of having been forcibly entered. An examination of the premises revealed that some items of personal property had been taken. The Kendalls alerted their other neighbors to watch for the reappearance of the two-tone Ford. The next afternoon the Kendalls received a telephone call from a neighbor informing them that a Ford was parked near the Kendalls' tenant house. Mrs. Kendall left in a pick-up truck to go to the property. Mr. Kendall, with Mrs. Kendall's son-in-law, followed in a car. As they approached the tenant house, they observed the car parked nearby. Mr. Kendall drove past the house, turned around, and came back. In the meantime, the occupants of the Ford attempted to drive away, but Mrs. Kendall pulled her truck into the middle of the road, successfully blocking their passage. Whitaker, an adult, Willard Wells, age 17, and Earl Wells, age 15, were in the front seat of the Ford. When Mrs. Kendall

asked the occupants of the car about her missing property, Earl Wells admitted that they had taken the items. He offered to return them and to give her some money if the Kendalls would let them go. In the meantime, Mr. Kendall had driven his car directly behind the Ford. Mr. Kendall was armed with a shotgun. The suspects were detained by the Kendalls until the state police arrived. After being advised as to what had happened, the police arrested the three suspects. Later, Earl Wells accompanied the officers to his father's home, where the officers recovered an iron kettle and an antique wringer, two of the items belonging to the Kendalls.

The two Wells boys were brought before the Nicholas Juvenile Court, which undertook to waive jurisdiction of Willard to the circuit court but retained jurisdiction of Earl. The Nicholas County grand jury indicted Charles Randell Whitaker, Willard Frederick Wells, and Atley Whitaker, charging them with the crime of breaking into and entering the house of Mable Kendall with intent to steal therefrom. At the trial, the indictment of Atley Whitaker was dismissed because of lack of evidence.

Appellant Willard Wells contends that we should reverse the judgment as to him, on the ground that the order of the juvenile court, waiving its jurisdiction to the Nicholas Circuit Court, was invalid.

KRS 208.170(1) provides as follows:

"If, during the course of any proceeding in the juvenile court, it appears to the court that there is reasonable cause to believe that a child before the court has committed a felony, and, at the time of commission of the offense, the child was sixteen years of age or older, or was less than sixteen years of age, but the offense was murder or rape, including being an accessory to either of said offenses before the fact, and the court is of the opinion that the best interests of the child and of the public require that the child be tried and disposed of under the regular law governing crimes, the

court in its discretion may make an order transferring the case to the circuit court of the county in which the offense was committed. No child shall be considered a felon for any purpose until transferred to, tried and convicted of a felony by a circuit court."

The order of the juvenile court, waiving its jurisdiction to the circuit court, provided as follows:

"The defendant, Willard Frederick Wells, having been arrested on a charge of unlawfully breaking and entering the property of Mrs. Howard Kendall, and the Court being advised that the said Willard Frederick Wells is over seventeen years of age and was an active participant in the alleged felony with other persons, and

"The Court being sufficiently advised waives its juvenile jurisdiction to the Nicholas Circuit Court in order that the Nicholas Grand Jury, May Term 1971, may consider indicting the said Willard Frederick Wells, with other individuals involved in said breaking and entering of the property of Mrs. Howard Kendall."

KRS 208.170(1) contemplates that in the "proceeding" the juvenile court will hold a hearing to determine if facts exist sufficient to support a finding of waiver of jurisdiction. This is not to say that the juvenile court does not have considerable latitude within which to determine the issue of jurisdiction. The hearing need not conform to all the requirements of a criminal trial. The juvenile is entitled to be represented by counsel at the hearing even though the proceeding may be informal. The juvenile court must set forth reasons for its waiver of jurisdiction. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Smith v. Commonwealth, Ky., 412 S.W.2d 256 (1967).

In Edwards v. Commonwealth, 264 Ky. 4, 94 S.W.2d 25 (1936), we said:

" * * * it should affirmatively appear, in the prosecution in the circuit

court of a juvenile charged with a felony, not only that the juvenile court had made an order transferring the prosecution to the circuit court, but it also should so appear that all necessary steps to give juvenile courts jurisdiction to render such an order were followed. * * *"

In Anderson v. Commonwealth, Ky., 465 S.W.2d 70 (1971), we said:

"Prior decisions of this court make plain that the county court has original, exclusive jurisdiction in juvenile proceedings, and there must be an affirmative showing in circuit court that jurisdiction has been conferred upon the circuit court by the county court. Failing such a showing, the circuit court does not have jurisdiction to proceed against a juvenile in criminal prosecutions. Goodfriend v. Commonwealth, 216 Ky. 573, 288 S.W. 330; Commonwealth v. Franks, 164 Ky. 239, 175 S.W. 349; Koonce v. Commonwealth, Ky., 452 S.W.2d 822. A host of other decisions of this court apply the same rule."

■ The order of the juvenile court in the instant case does not reveal that a hearing was held or that the juvenile was represented by counsel; neither does it set forth sufficient reasons for the waiver of jurisdiction. In fact, the order does not even recite that a finding was made by the juvenile court "that the best interests of the child and of the public require that the child be tried and disposed of under the regular law governing crimes."

The order of the Nicholas Juvenile Court, waiving its jurisdiction in the instant case, is invalid. The order does not satisfy the basic requirements of due process and fairness and is not in conformity with the statutory directions controlling a juvenile proceeding. The Nicholas Circuit Court had no jurisdiction to try the juvenile, Willard F. Wells. The judgment as to Wells is reversed.

In view of the fact that the judgment must be reversed as to appellant Willard Wells, we need not discuss other contentions except as they apply to appellant Whitaker. Whitaker contends that: (1) The citizen's arrest by the Kendalls was a false arrest; (2) the trial court erred in overruling the motion to suppress the evidence obtained by reason of the citizen's arrest and the subsequent arrest by the police; (3) there was insufficient corroboration of the testimony of Earl Wells, a confessed accomplice, to warrant a conviction; (4) there was insufficient evidence of a breaking and entering; and (5) the trial court made a prejudicial comment during the direct examination of a prosecuting witness.

■ The citizen's arrest of Whitaker was valid. KRS 431.005(2) provides:

"A private person may make an arrest when a felony has been committed in fact and he has reasonable grounds to believe that the person being arrested has committed it."

The evidence clearly established that a felony in fact had occurred on March 20: a breaking and entering of the Kendall house. The Kendalls had reasonable grounds to believe that Whitaker was one of the persons committing the crime. The Ford car had been seen on the Kendall premises the day the Kendalls discovered that the house had been forcibly entered. Whitaker was present in the same car the next day near the scene of the committed felony. When confronted by Mrs. Kendall, Earl Wells, one of the occupants of the Ford automobile, admitted the offense and implicated Whitaker. Under the circumstances, the Kendalls had more than mere suspicion to support their arrest of all the occupants of the car, including Whitaker. The Kendalls had sufficient reasonable grounds to believe that the persons they arrested, including Whitaker, had committed a felony.

The citizen's arrest was valid; therefore, the trial court did not err in over-

ruling the motion to suppress the evidence legally obtained subsequent to the arrest.

■ There was sufficient corroboration of the testimony of Earl Wells, a confessed accomplice, to warrant the conviction of Whitaker. The car in which Whitaker was arrested matched the description of the one seen at the Kendall house the day before. At the time of his detention by the Kendalls, Whitaker tried to conceal his identity. The stolen goods were recovered at the home of Earl's and Willard's father, who also was the stepfather of Whitaker. Hunt v. Commonwealth, Ky., 466 S.W.2d 957 (1971); Walker v. Commonwealth, Ky., 472 S.W.2d 476 (1971); Spradlin v. Commonwealth, Ky., 473 S.W.2d 818 (1971).

■ Whitaker maintains that the back door of the tenant house was partially open and, therefore, no statutory offense was committed. Both of the Kendalls testified that the back door of the house had been securely locked and barred. This testimony was sufficient to make this a jury issue. Rayburn v. Commonwealth, Ky., 474 S.W.2d 405 (1971). In Rayburn we reaffirmed our prior holding in Collins v. Commonwealth, 146 Ky. 698, 143 S.W. 35 (1912), that the opening of a closed or partially closed door is a breaking.

■ Whitaker's contention of improper comment by the trial judge relates to the following comment made by the judge during the direct examination of Mr. Kendall:

"Q 29 What, if anything, did you see or do or hear when you returned on Sunday that noon?

A On Saturday this stuff was taken out of the house. We had the neighbors all alerted for this particular car. Down the road about a quarter of a mile, the second house down there, I had a call from there and while I was getting this call this red and white car passed our house and I went over there . . . .

JUDGE: Which house? The one you live in or the one that had been broken open?

MR. McDANIEL: Objection.

JUDGE: Objection overruled and exception.

A The tenant house. I mean the house I live in. They were passing there and I went over to the tenant house and there was nobody there."

It is obvious that the trial court was merely attempting to clarify a somewhat clouded point as to which house Mr. Kendall was referring to in his testimony. Under the circumstances, the slight participation and the comment made by the trial court were not such errors as to justify a reversal. Nichols v. Commonwealth, Ky., 476 S.W.2d 194; Chism v. Lampach, Ky., 352 S.W.2d 191 (1961).

The judgment is affirmed as to Charles Randell Whitaker and reversed as to Willard Frederick Wells.

All concur.