had been, after Baker took the stand and the Commonwealth laid a proper foundation by asking him whether he had made the statement in question the sheriff's testimony concerning the statement would have been admissible as substantive evidence under the principle of Jett v. Commonwealth, Ky., 436 S.W.2d 788, 792 (1969).

**Hank BAKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

Hank Baker and James Lowe were jointly indicted, tried and found guilty of storehouse breaking, KRS 433.190. Their punishment was fixed by a jury at one year in the penitentiary. On its own motion, as authorized by RCr 10.02(2), the trial court set the verdict aside and directed a new trial, which again resulted in a finding of guilty and sentence of one year as to each of the two defendants. They appeal from judgments entered accordingly. For convenience, we are disposing of the appeals in separate opinions. This one deals with Baker. See also Lowe v. Com., Ky., 500 S.W.2d 67 (1973).

Baker was a minor. The only entry in the record before us pertaining to the juvenile court proceeding is an order of the Knox County Court dated May 18, 1971, reading as follows:

"It appearing to the Court that Hank Baker, an infant, over the age of sixteen in [sic] charged with the crime of Store house breaking. After an investigation the Court finds the best interest of the infant, and the Commonwealth of Kentucky will be served if said infant is transferred to the Knox Circuit Court.

"IT IS ORDERED AND DIRECTED that subject child be and he is ordered transferred to the Knox Circuit Court for trial."

One of the grounds on which it is contended that Baker's conviction should be set aside is that the circuit court did not have jurisdiction.

"We have held in an unbroken line of cases that it should affirmatively appear, in the prosecution in the circuit court of a juvenile charged with a felony, not

only that the juvenile court had made an order transferring the prosecution to the circuit court, but it also should so appear that all necessary steps to give juvenile courts jurisdiction to render such an order were followed." Edwards v. Commonwealth, 264 Ky. 4, 94 S.W.2d 25, 28 (1936).

"Failing such a showing, the circuit court does not have jurisdiction to proceed against a juvenile in criminal prosecutions." Anderson v. Commonwealth, Ky., 465 S.W.2d 70, 72 (1971).

The order here in question does not indicate that a hearing was held or that Baker had counsel. For that reason alone it was insufficient to waive jurisdiction. We need not decide whether it was deficient in other respects. See Whitaker v. Commonwealth, Ky., 479 S.W.2d 592 (1972).

The judgment as to Hank Baker is reversed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.