**Godiva HOPSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1973.

Anthony M. Wilhoit and Paul F. Isaacs, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Appellant Godiva Hopson, 16 years old, was indicted on six counts of forgery and uttering forged instruments. At the arraignment she was remanded to County Juvenile Court. The juvenile court ordered that jurisdiction be transferred to the circuit court, where appellant was subsequent-

ly tried and convicted, from which conviction she appeals.

The sole issue is whether the circuit court had jurisdiction. Appellant contends that the circuit court lacked jurisdiction in the case because the juvenile court failed to properly transfer jurisdiction. We agree.

The order transferring jurisdiction to the circuit court, while reciting that the transfer is in " . . . the best interest of the defendant and of the public . . . ," otherwise fails to meet the requirements which we set out in Whitaker v. Commonwealth, Ky., 479 S.W.2d 592, wherein we stated that such an order must " . . . satisfy the basic requirements of due process and fairness . . . "

The order in the instant case fails to " . . . reveal that a hearing was held or that the juvenile was represented by counsel; neither does it set forth sufficient reasons for the waiver of jurisdiction." *Whitaker,* supra.

Furthermore, it appears positively from the record that no hearing of any sort was held in Juvenile Court, in contravention of KRS 208.170. And it does not appear from the record that a petition was filed in accordance with KRS 208.070 or that an investigation was made pursuant to KRS 208.140. See also Baker v. Commonwealth, Ky., 500 S.W.2d 69 (Decided September 28, 1973.)

We conclude that the circuit court had absolutely no jurisdiction to try this cause, and should have remanded the matter to the juvenile court, consistent with KRS Chapter 208.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.