**James Eddie RISNER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 3, 1974.

William C. Ayer, Jr., Asst. Public Defender, Frankfort, for appellant.

Ed Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Edward James Risner, 17 years of age, was brought before the juvenile court of Morgan County on a complaint that he had kidnapped or falsely imprisoned one Janis Sheets. The juvenile court transferred jurisdiction to the Morgan Circuit Court, where he was tried and convicted on a charge of false imprisonment, KRS 435.-140, and given a 20-year sentence. On this appeal from the judgment of conviction Risner's sole contention is that the purported transfer of jurisdiction from the juvenile court to the circuit court was invalid, wherefore the circuit court never acquired jurisdiction.

The order of transfer, as respects the reasons for the waiver of jurisdiction by the juvenile court, simply used the words of the statute, KRS 208.170, that "it would be to the best interest of the child * * * and of the public that the child be tried and disposed of under the regular law governing crimes."

In Hubbs v. Commonwealth, Ky., 511 S. W.2d 664 (decided May 3, 1974, on petition for rehearing), this Court held that a mere parroting of the words of the statute is not

a sufficient statement of reasons, and that the waiver order, or an accompanying statement, or the juvenile court record, must include a statement of the reasons for the transfer which are specific enough to permit meaningful review for the purpose of determining whether there has been compliance with KRS 208.170(1).

In the instant case the entire record of the juvenile court proceedings was filed in the circuit court. That record does not include any statement of reasons for the waiver of jurisdiction. Nor was there any separate statement of reasons accompanying the order of transfer. Therefore, we must hold that the purported transfer was invalid and that the circuit court did not acquire jurisdiction.

The judgment is reversed.

All concur except JONES and STEPHENSON, JJ., who dissent.