**Steely Ray HUBBS and Bobby Leon (Pete) Mays, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

As Modified on Denial of Rehearing May 10, 1974.

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellants Steely Ray Hubbs, a juvenile, and Bobby Leon Mays were convicted of grand larceny and each was sentenced to serve three years in the penitentiary. Before the Hubbs indictment was returned jurisdiction was transferred from the Whitley County Juvenile Court to the Whitley Circuit Court. Hubbs claims the judgment as to him is void because the waiver order entered by the juvenile court failed (a) to set forth sufficient reasons for the transfer of jurisdiction, (b) to indicate that a hearing was held and that he was represented by counsel, and (c) to show "* * * that the requirements of KRS 208.060(3) and (4) regarding the proper formal proceedings during the hearing were met."

In Whitaker v. Commonwealth, Ky., 479 S.W.2d 592 (1972), we said:

"KRS 208.170(1) contemplates that in the 'proceeding' the juvenile court will hold a hearing to determine if facts exist sufficient to support a finding of waiver of jurisdiction. * * * The juvenile is entitled to be represented by counsel at the hearing * * *. The juvenile court must set forth reasons for its waiver of jurisdiction. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Smith v. Commonwealth, Ky., 412 S.W.2d 256 (1967)."

Cf. Fields v. Commonwealth, Ky., 498 S.W.2d 130 (1973). The Supreme Court in *Kent* held that before the entry of a waiver order a juvenile must have a hearing at which he is represented by counsel and that "* * * it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor."

We held in *Whitaker* that the waiver order of the juvenile court must reveal that a hearing was held, that the juvenile was represented by counsel at the hearing, and that the order must set forth sufficient reasons for the waiver of jurisdiction. Hopson v. Commonwealth, Ky., 500 S.W.2d 792 (1973). Upon further study of *Kent* and the comments of text

writers[1] and opinions of other courts, we now conclude that if our statement in *Whitaker* is construed to mean that the *waiver order* must make the above-mentioned revelations, that statement is too restrictive. Applying the rationale of *Kent* to KRS 208.170(1), we now make it clear that *either* the waiver order, an accompanying statement, or the juvenile court record must include (1) a showing that the juvenile had a hearing at which he was represented by counsel and (2) a statement of the reasons for the transfer which are specific enough to permit meaningful review for the purpose of determining whether there has been compliance with KRS 208.-170(1). Baker v. Commonwealth, Ky., 500 S.W.2d 69 (1973).

The waiver order showed nothing more than that the juvenile court conducted an examination, that the "defendant was represented by attorney * * * for arraignment purpose only," and that the best interest of the child and the public dictated that the transfer be made. There is nothing in the record which was filed in the Court of Appeals to show that the circuit court had before it any additional record of the juvenile court proceedings from which to determine whether the juvenile court followed the requirements of *Kent* and KRS 208.170. No assumption can be made that the juvenile court made such a record. Childers v. Commonwealth, Ky., 239 S.W.2d 255 (1951); Baker v. Commonwealth, Ky., 500 S.W.2d 69 (1973).

We find no merit in Hubbs' contention that the *waiver order* is required to include a list of the procedural safeguards that are to be afforded the juvenile by KRS 208.060(3) and (4), and to show that these procedures were followed.

The judgment as to Hubbs must be set aside and the proceedings remanded for a determination by the trial court, by reference to the juvenile court proceedings, as to whether the juvenile court complied with the requirements of *Kent*[2] and KRS 208.170 as hereinbefore discussed. If it is found that there was compliance, the judgment will be reinstated, subject to the right of Hubbs to have appellate review. Otherwise, that judgment is null and void.

Mays claims that his conviction should be reversed because the trial court failed to instruct the jury on petit larceny. This subject was not brought to the attention of the trial court either during the trial or in the motion for a new trial. The issue cannot be raised for the first time on appeal. RCr 9.54.

Mays also argues that he was entitled to an instruction on the issue of drunkenness as it might relate to the requisite element of intent. Hubbs testified that during the day of the theft he, Mays, and another person had at their disposal a case of beer, but no evidence was introduced which showed the quantity of beer consumed by Mays. Mays did not show that he was " * * * so intoxicated that he did not realize what he might have done," therefore he was not entitled to such an instruction. Kahafer v. Commonwealth, Ky., 284 S.W.2d 678 (1955). Cf. Hazel v. Commonwealth, Ky., 371 S.W.2d 635 (1963).

The judgment as to Mays is affirmed and the judgment as to Hubbs is reversed for further proceedings consistent herewith.

OSBORNE, C. J., and MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur, except STEPHENSON, J., who dissents.

---

1. See comment, "Transfer of Jurisdiction in Juvenile Court", by Mortimer J. Stamm, 62 Ky.Law Journal, Number 1, 122 at 172 and 173.

2. Retroactive effect has not been given to Kent v. United States, supra. See Fields v. Commonwealth, supra.