**James Gilbert CRICK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

April 1, 1977.

Rehearing Denied June 10, 1977.

Jack Emory Farley, Public Defender, David E. Norat, Asst. Public Defender, William M. Radigan, Legal Asst., Frankfort, for appellant.

Ed Hancock, Atty. Gen., Patrick Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

James Gilbert Crick appeals from an order of the Christian Circuit Court overruling his RCr 11.42 motion to vacate a judgment of conviction without an evidentiary hearing.

On January 4, 1974, Crick, a juvenile, was waived by the Juvenile Session of the Christian County Court to the jurisdiction of the Christian Circuit Court. He was subsequently indicted on charges of murder, armed robbery, and the taking of a vehicle without the owner's consent. He thereafter entered a plea of guilty and was sentenced to life imprisonment on the murder charge, ten years on the armed robbery charge, and a year's imprisonment on the charge of taking a motor vehicle without the consent of the owner. Crick did not appeal from the judgment entered on this plea and has prosecuted a prior RCr 11.42 motion in an effort to have his judgment of conviction set aside. He subsequently filed this second RCr 11.42 motion wherein he asserts that his conviction was void in that the Christian Circuit Court never acquired jurisdiction to try him, because the waiver of jurisdiction from the Christian Juvenile Court was invalid.

The claimed invalidity of the order of waiver stems from the fact that the proceedings and order of the Juvenile Session of the Christian County Court did not com-

ply with the requirements of *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and Kentucky decisions that were spawned as a result of this opinion: *Whitaker v. Commonwealth,* Ky., 479 S.W.2d 592 (1972); *Fields v. Commonwealth,* Ky., 498 S.W.2d 130 (1973); *Hopson v. Commonwealth,* Ky., 500 S.W.2d 792 (1973); *Hubbs v. Commonwealth,* Ky., 511 S.W.2d 664 (1974), and *Risner v. Commonwealth,* Ky., 508 S.W.2d 775 (1974).

Crick's present predicament arises from the fact that he did not appeal from the judgment entered on his plea of guilty and his failure to present the issue of the validity of the juvenile court waiver in his first RCr 11.42 motion. It was not until he had filed a second RCr 11.42 motion that the questioned juvenile court waiver of jurisdiction was finally presented to the court.

The failure of Crick to litigate in his first RCr 11.42 proceeding effectively precludes his raising the issue in a second or any subsequent RCr 11.42 motion. RCr 11.42(3) limits the availability of this proceeding as follows:

> "The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

The record clearly demonstrates the fact that all issues concerning the validity of the juvenile court waiver could and should have been presented in Crick's initial RCr 11.42 motion.

Digressing for a moment, Crick was born on December 15, 1955. It is charged that on November 29, 1973, he participated in a murder, an armed robbery, and the taking of a vehicle without the owner's consent— events that occurred seventeen days prior to his eighteenth birthday. The juvenile court waiver was entered on January 4, 1974, he was indicted on February 27, 1974, and a plea of guilty to the charges was entered on March 11, 1974. On May 15, 1974, he filed his first RCr 11.42 motion. However, no issue was presented concerning the validity of the juvenile court waiver even though this order had been entered on January 4, 1974. This RCr 11.42 motion was denied on October 10, 1974. No appeal was prosecuted from the order denying relief under this motion. It was not until May 8, 1975, that this second RCr 11.42 proceeding was instituted.

This court has held upon numerous occasions that issues which could have been presented in an initial motion to vacate cannot be raised by subsequent motions. *Satterly v. Commonwealth,* Ky., 441 S.W.2d 144 (1969); *Hampton v. Commonwealth,* Ky., 454 S.W.2d 672 (1970); *Case v. Commonwealth,* Ky., 467 S.W.2d 367 (1971); *Butler v. Commonwealth,* Ky., 473 S.W.2d 108 (1971); and *Lycans v. Commonwealth,* Ky., 511 S.W.2d 232 (1974).

See *Bingham v. Commonwealth,* Ky., 550 S.W.2d 535 and *Richardson v. Commonwealth,* Ky., 550 S.W.2d 538, this day decided.

The judgment is affirmed.

All concur.