See *Bingham v. Commonwealth,* Ky., 550 S.W.2d 535 and *Richardson v. Commonwealth,* Ky., 550 S.W.2d 538, this day decided.

The judgment is affirmed.

All concur.

John Earl **BINGHAM**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

April 1, 1977.

Jack Emory Farley, Public Defender, Joe A. Jarrell, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Donald C. Morris, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

John Earl Bingham appeals from a judgment entered on a guilty plea of aiding a robbery in the first degree and first degree assault for each of which offenses he was sentenced to fifteen years' imprisonment to run concurrently.

At the time of the commission of the crimes to which Bingham pleaded guilty, he was a juvenile. A juvenile petition had been duly filed, and Bingham appeared before W. Paul Hale, a trial commissioner of Christian County, who entered an order committing him to the Department of Child Welfare. However, the county judge, pursuant to his authority, reviewed the find-

ings and set aside the order and rescheduled a hearing for February 19, 1975. The record of the proceedings at this hearing contains findings of fact and conclusions of law that demonstrate that Bingham was properly before the court and was represented by counsel. The third finding recites that the court found beyond a reasonable doubt that Bingham had participated in an armed robbery and an assault in an attempt to rob. The sixth finding recites:

"The Court finds that it is in the best interest of said child and the public to require that the child be tried and disposed of under the regular law governing crimes and the Court further finds that all remedies available to the Juvenile Court have been utilized and exhausted concerning the care, treatment and rehabilitation of said child. It is the further finding of this Court that said child is not amenable to care, treatment, and rehabilitation as a juvenile and is so beyond the control of the Juvenile Court as to be totally unsuited for any type of program available to the Juvenile Court."

The order waiving jurisdiction reads as follows:

"The Court verifying that the rights provided in KRS 208.060(3) and (4) have been extended to the child and the adult responsible for the child, due process of law having been observed, the allegations having been proven beyond a reasonable doubt, and the Court having been sufficiently advised, it is hereby ORDERED AND ADJUDGED by this Court that the child, John Earl Bingham, under the provisions of KRS 208.170 be, and hereby is, certified to the next term of the Christian County Grand Jury on the charge mentioned at (3) above and the bond of said child is set at the amount of $15,000.00 ($5,000.00 on each count)."

A reading of an excerpt from the juvenile proceeding is highly indicative of the fact that the juvenile court was "skating on thin ice" in regard to meeting those requirements set out by United States Supreme Court in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

Subsequent opinions of this court crystallize the issues to the point where it becomes evident that the juvenile court judge failed to meet the requirements that would afford any bases for a meaningful review of the juvenile court proceeding. In fact, the investigation report prepared by the juvenile court counsel directly conflicts with the latter part of Finding No. 6 in that it clearly demonstrates that there was no basis for such finding. There is nothing to show that the court conducted any further hearing than to rely upon this report. The statement that the court found it to the best interest of the child and of the public that jurisdiction be waived amounted to nothing more than a mere parroting of the wording of the statute and does not meet the requirements of reasons for waiving jurisdiction.

In *Hubbs v. Commonwealth,* Ky., 511 S.W.2d 664 (1974), this court said:

"We held in *Whitaker* [*Whitaker v. Commonwealth,* Ky., 479 S.W.2d 592 (1972)] that the waiver order of the juvenile court must reveal that a hearing was held, that the juvenile was represented by counsel at the hearing, and that the order must set forth sufficient reasons for the waiver of jurisdiction. *Hopson v. Commonwealth,* Ky., 500 S.W.2d 792 (1973). Upon further study of *Kent* and the comments of text writers and opinions of other courts, we now conclude that if our statement in *Whitaker* is construed to mean that the *waiver order* must make the above-mentioned revelations, that statement is too restrictive. Applying the rationale of *Kent* to KRS 208.170(1), we now make it clear that *either* the waiver order, an accompanying statement, or the juvenile court record must include (1) a showing that the juvenile had a hearing at which he was represented by counsel and (2) a statement of the reasons for the transfer which are specific enough to permit meaningful review for the purpose of determining whether there has been compliance with KRS 208.170(1). *Baker v. Commonwealth,* Ky., 500 S.W.2d 69 (1973)."

See also *Risner v. Commonwealth,* Ky., 508 S.W.2d 775 (1974), and *Whitaker v. Commonwealth,* Ky., 479 S.W.2d 592 (1972).

Although the juvenile court may have made an effort to conduct a meaningful hearing and to base its order upon substantial reasoning, the record of the juvenile proceeding does not so indicate. The hearing, if any was held, was not made a part of the record, nor does the investigation reports filed with the record support the statements of the juvenile judge in entering the order waiving jurisdiction. The reasoning set out in the order is at the most repetitious of statutory provisions and could not afford a reviewing court sufficient grounds upon which it could conduct a meaningful review of the entire juvenile proceeding.

The consequence of the shortcomings in the juvenile proceeding and of the order transferring jurisdiction to the Christian Circuit Court rendered such attempt at transfer a nullity. Therefore, the exclusive jurisdiction over the juvenile remained in the Christian County Juvenile Court. The resultant failure of the Christian Circuit Court and the Christian County Grand Jury to acquire jurisdiction of the person or of the subject matter involved rendered the indictment by the Grand Jury void and the proceedings before the Christian Circuit Court likewise void.

See *Richardson v. Commonwealth,* Ky., 550 S.W.2d 538 and *Crick v. Commonwealth,* Ky., 550 S.W.2d 534, this day decided.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.