Robert E. RICHARDSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 1, 1977.

Jack Emory Farley, Public Defender, Vincent D. Giovanni, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Robert E. Richardson appeals from a judgment entered on a jury verdict finding him guilty of armed assault with intent to rob and fixing his punishment at life imprisonment.

Robert E. Richardson, age seventeen, together with an adult, was charged with shooting Woodrow Lucas with a pistol, intending at that time to rob him. In view of the fact that Richardson was a juvenile, the required proceedings were filed in the Christian Juvenile Court.

On July 15, 1969, the Christian Juvenile Court entered an order entitled a judgment transferring its jurisdiction of Richardson to the Christian County Grand Jury. The judgment reads as follows:

"This cause coming on for trial, and the defendant being in open court charged with the offense of armed robbery and Josephine Richardson the mother and person having custody of said juvenile and Hon. John O. Hardin, Ct. appointed atty. being in open court and consenting to said trial at said time, and evidence being heard and concluded, it is ordered that the said Robert E. Richardson be transferred to the September term of the Christian County Grand Jury which convenes September 15, 1969, on a charge of armed robbery, to-wit: on or about July 3, 1969, attempted to rob Woodrow Lucas, Miller's Spur Station, 7th and Court, Hopkinsville, Ky. with a .25 caliber pistol and shot him twice."

Richardson was subsequently indicted by the Christian County Grand Jury and tried in the Christian Circuit Court on the charge of assault with intent to rob, convicted, and sentenced to life imprisonment.

On the appeal, Richardson asserts that the order of the Christian Juvenile Court is improper and void in that it does not comply with the requirements of KRS 208.170 and, as a consequence, the trial and judgment in the Christian Circuit Court were void in that the court did not have jurisdiction to entertain any proceedings against Richardson. KRS 208.140 requires that before a juvenile court makes any disposition of a child a thorough investigation shall be made concerning all of the aspects of the child's case and that this report should be made a part of the record and considered by the juvenile court judge in making his final disposition of the proceeding. KRS 208.170 requires that if the court had reasonable cause to believe that the child had committed a felony and "the court is of the opinion that the best interests of the child and of the public requires that the child be tried and disposed of under the regular law gov-

erning crimes, the court in its discretion may make an order transferring the case to the circuit court of the county in which the offense was committed."

Numerous questions concerning the requirements necessary in a juvenile proceeding in order to afford the child constitutional due process and to protect his constitutional rights generally were discussed and answered in *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). The court, among other things, stated that a juvenile court must set out reasons for its waiver order because such reasons are essential to a meaningful review of the juvenile court's action. The Supreme Court, in so holding, said:

"Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not 'assume' that there are adequate reasons, nor may it merely assume that 'full investigation' has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review."

The rationale of *Kent* was first discussed and approved by this court in *Smith v. Commonwealth,* Ky., 412 S.W.2d 256 (1967). In subsequent cases, this court has discussed in more detail its adoption of the rule in *Kent* and its relationship to KRS 208.170. This view is best expressed in *Hubbs v. Commonwealth,* Ky., 511 S.W.2d 664 (1974), wherein it is said:

" * * * Applying the rationale of *Kent* to KRS 208.170(1), we now make it clear that *either* the waiver order, an accompanying statement, or the juvenile court record must include (1) a showing that the juvenile had a hearing at which he was represented by counsel and (2) a statement of the reasons for the transfer which are specific enough to permit meaningful review for the purpose of determining whether there has been compliance with KRS 208.170(1). * * *."

Although the Commonwealth contends that *Hubbs* and related opinions should have no bearing on the question before the court in Richardson's case because they were decided subsequent to the entry of the order waiving jurisdiction, it must be remembered that the *Kent* decision had already been handed down and the Kentucky opinions commencing with *Smith v. Commonwealth,* Ky., 412 S.W.2d 256 (1967), did nothing more than emphasize and re-emphasize the requirements of *Kent* in relation to Kentucky proceedings. The rule was fixed at the time of Richardson's hearing, and it was incumbent on the court to make the findings required by *Kent.* No such findings were made. Consequently, the order waiving jurisdiction was invalid. This being true, the Christian Circuit Court did not acquire jurisdiction of either the person or the subject matter involved in Richardson's prosecution. Without jurisdiction, the indictment returned by the Christian County Grand Jury was void, and the judgment entered at a trial upon this indictment was likewise void.

See *Bingham v. Commonwealth,* Ky., 550 S.W.2d 535 and *Crick v. Commonwealth,* Ky., 550 S.W.2d 534, this day decided.

The judgment is reversed for further proceedings consistent with this opinion.

REED, C. J., and LUKOWSKY, PALMORE, STEPHENSON and STERNBERG, JJ., concur.

CLAYTON and JONES, JJ., dissent, stating that it is their opinion that the order of the Juvenile Court complies with KRS 208.-170.