**James Gilbert CRICK, Petitioner-Appellant,**

v.

**Steve SMITH, Respondent-Appellee.**

No. 83–5183.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 27, 1984.

Decided March 6, 1984.

William M. Radigan (argued), Walker & Radigan, Louisville, Ky., for petitioner-appellant.

David Armstrong, Atty. Gen. of Ky., Michael R. Beiting, Paul E. Reilender, Jr. (argued), Asst. Attys. Gen., Frankfort, Ky., for respondent-appellee.

Before ENGEL and CONTIE, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CONTIE, Circuit Judge.

James Crick appeals from a district court order denying relief on a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petitioner is serving a life sentence in connection with convictions for murder, armed robbery and taking a motor vehicle without the consent of the owner. Although the petitioner committed these crimes seventeen days before he reached majority status under Kentucky law, the state juvenile court waived jurisdiction and Crick was tried as an adult. Since the facts underlying the convictions are detailed in an opinion published the first time that Crick's petition was before this court, *Crick v. Smith*, 650 F.2d 860 (6th Cir.1981), *cert. denied*, 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982), they will not be repeated here.

In our prior opinion, we held that the juvenile court judge had technically violated the due process clause by failing to incorporate into the transfer order a specific finding that waiver of juvenile jurisdiction was in the "best interests of the child and of the public." We nevertheless vacated the district court's decision to grant the writ on the ground that the error may have been harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In remanding the case, we framed the *Chapman* question as follows:

> Whether it can be found beyond a reasonable doubt that the juvenile judge in Kentucky, in 1973–74, having omitted the statutory findings of "best interest" in the transfer order would not, on being apprised of the omission, have changed his decision and reasserted juvenile court jurisdiction over the defendant under the circumstances which existed in this case.

650 F.2d at 871.

On the remand, the case was assigned to a magistrate who held a hearing. The former juvenile court judge who had handled the petitioner's case, Judge Ruff, testified that had he been apprised of his failure to include both the "best interest" finding and supporting reasons, he still would not have retained jurisdiction. When asked if he could say this beyond a reasonable doubt, Judge Ruff responded: "I can say it without qualification." Judge Ruff further indicated that although he was aware of various factors favoring retention of jurisdiction, he transferred the case because of the viciousness of the crime and because it was not in the petitioner's best interest to be involved in future conduct of that kind.

The magistrate recommended that the failure to include the "best interest" finding and supporting reasons was not harmless error but the district court reluctantly disagreed. We affirm the judgment of the district court.

■■■ Three of the petitioner's arguments may be disposed of quickly. First, Crick contends that the district court should not have engaged in harmless error analysis. This argument ignores the fact that this court ordered the district court to apply the harmless error test. It is the law of the case that defects in a state juvenile court's decision to waive jurisdiction are subject to harmless error analysis. Second, Crick claims that the original waiver hearing was constitutionally inadequate.

Since the petitioner did not raise this claim the first time that this case was before this court, he may not raise it at this late date. Third, the petitioner argues that since the Kentucky courts would have reversed the conviction without remanding for further findings, *see Bingham v. Commonwealth*, 550 S.W.2d 535 (Ky.1977), this court should have done similarly on the first appeal. A similar claim was rejected in *White v. Sowders*, 644 F.2d 1177, 1185 (6th Cir.1980), *cert. denied*, 454 U.S. 853, 102 S.Ct. 299, 70 L.Ed.2d 146 (1981), on the ground that the argument confused the types of relief available under supervisory power in direct state appeals and the kinds of relief available in federal habeas corpus actions to remedy constitutional violations.

■ The petitioner's next assignment of error arises from certain language in the district court's opinion which was filed after the remand:

> Thus, nine years after the fact and at a time when the witness is no longer a judicial officer, Judge Ruff testified that he considered the factors which could have resulted in treating the petitioner as a juvenile rather than an adult. By failing to incorporate his findings and the factors underlying his decision in the juvenile court order, meaningful review by any court at this time is impossible.

If it were correct that Judge Ruff's failure to include a "best interest" finding in the transfer order resulted in his decision being currently unreviewable, then the error would not be harmless. *See Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). We conclude, however, that because of the record made in the district court after the remand, Judge Ruff's decision is reviewable.* The record identifies all of the factors that Judge Ruff considered in reaching his decision. Some of these factors favored retention of juvenile jurisdiction and some did not. The record further indicates the factors upon which Judge Ruff relied in determining that the case should be transferred.

---

* The petitioner may not obtain review in the Kentucky courts because he committed a procedural default. *See Crick v. Commonwealth*, 550 S.W.2d 534 (Ky.1977). In light of our prior opinion, review of Crick's due process claim is available in this court. 650 F.2d at 867.

Under these circumstances, Judge Ruff's decision currently is reviewable.

■ The petitioner's final argument is that Judge Ruff over-emphasized the former's age and the heinous nature of the crime while not according sufficient weight to factors such as the petitioner's amenability to psychological counseling and treatment, the availability of Kentucky juvenile facilities to handle the petitioner's psychological problems and the presence of a treatment plan which had already been approved for use in the petitioner's case. Crick, however, has not cited any Kentucky authority prohibiting juvenile court judges from viewing the nature of the crime, in combination with the minor's near majority status, as outweighing other factors favorable to the minor.

■ Since the state of Kentucky has established beyond a reasonable doubt that the juvenile court judge would have waived jurisdiction had he been apprised of the necessity of the "best interest" finding, and since no other constitutional infirmity is present, the judgment of the district court is AFFIRMED.