Jason HARDEN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 93–CA–000313–MR.

Court of Appeals of Kentucky.

Oct. 14, 1994.

Margaret Foley Case, David T. Eucker, Frankfort, for appellant.

Chris Gorman, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J. and
HUDDLESTON and SCHRODER, JJ.

SCHRODER, Judge:

This is an appeal from a judgment convicting a seventeen-year old of assault first degree as a youthful offender. Appellant challenges the circuit court's jurisdiction over the case on grounds that the district court judge did not make adequate findings under KRS 640.010 to transfer the case to circuit court. Upon review of the record and applicable law, we agree that the district court judge failed to make adequate findings and, thus, the transfer to circuit court was invalid. Accordingly, we must reverse appellant's conviction.

Appellant, Jason Harden, was arrested for assault in the first degree on a juvenile court petition on July 29, 1992. At that time, appellant was seventeen-years old. The arrest stemmed from a fight in a local high school parking lot wherein appellant hit another teenage male in the face with a sock containing a weight collar. The assault caused permanent damage to the victim's jaw. On August 19, 1992, a preliminary hearing was held in the juvenile division of district court on whether to transfer appellant to the circuit court to be tried as a youthful offender under KRS 640.010. After said hearing, the district court ordered that appellant be transferred to circuit court where he was thereafter indicted for assault first degree. Appellant was then tried by a jury and convicted of assault first degree for which he was sentenced to ten-years imprisonment. This appeal followed.

Prior to trial and subsequent to the conviction, appellant filed motions to dismiss the indictment based on lack of jurisdiction. Appellant maintained that the district court judge failed to make the required findings of fact under KRS 640.010(2) in order to transfer appellant to circuit court. After the postconviction motion was filed, the Commonwealth filed an affidavit of the district court judge in the record which explicitly stated that he considered all of the factors in KRS 640.010(2)(b) in making his decision to transfer appellant. The judge then stated the facts as they related to each factor and why, considering those facts, appellant should have been tried as a youthful offender. The court overruled both motions to dismiss.

■ On appeal, appellant reiterates his argument that the circuit court did not have jurisdiction because the district court's findings were not sufficient under KRS 640.010(2) to transfer appellant to circuit court. KRS 640.010(2) provides in pertinent part:

(b) If the court determines probable cause exists, *the court shall consider the following factors* before determining whether the child's case shall be transferred to the circuit court:

1. The seriousness of the alleged offense;

2. Whether the offense was against persons or property, with greater weight being given to offenses against persons;

3. The maturity of the child as determined by his environment;

4. The child's prior record;

5. The best interest of the child and community;

6. The prospects of adequate protection of the public; *and*

7. The likelihood of reasonable rehabilitation of the child by the use of procedures, services and facilities currently available to the juvenile justice system.

(c) If, following the completion of the preliminary hearing, the court is of the opinion, *after considering the factors enumerated in subsection (b) of this section*, that the child should be transferred to circuit court, the court shall issue an order transferring the child as a youthful offender *and shall state on the record the reasons for the transfer.* The child shall then be proceeded against in the circuit court as an adult, except as otherwise provided in this chapter. (Emphasis added.)

The district court's written order transferring appellant stated the following:

KRS 640.010(2)(b)

1) The crime is that of assault 1st degree by using a sock containing a hard object & he unprovoked [sic] attacked a stranger by repeatingly [sic] striking the victim in the face. The victim was concurrently being attacked by at least one other person. The damage done to the victim resulted in a permanent plate being installed in his jaw. The fact that he had such a weapon reflects premetiation [sic] to even have such a [sic] item in his possession & on his person.

At the transfer hearing (the audio tape of which is in the record), the district court judge states as his reasoning much the same as was written in the transfer order. The court addresses the nature of the offense, the seriousness of the crime and the fact that it was against a person per KRS 640.010(2)(b)(1) and (2). However, as with the written order, the court neglects to mention the remaining factors in KRS

604.010(2)(b)(3)–(7). Thus, the issue before us is whether that failure constitutes reversible error. We believe that it does.

In *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the Supreme Court held that a court reviewing the transfer of a juvenile to be tried as an adult must give the matter a meaningful review and not assume there were adequate reasons therefor or that a full investigation was made. The High Court required, as does KRS 640.010(2), that the lower court state its reasons or considerations for the transfer. While the Court held that the statement need not be formal or include conventional findings of fact, the Court stated:

> But the statement should be sufficient to demonstrate that the statutory requirement of "full investigation" has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.

*Id.* at 561, 86 S.Ct. at 1057.

Similarly, the Kentucky Courts have held that, in setting out the reasons for the transfer, the lower court must be specific enough to permit a meaningful review for the purpose of determining whether there has been compliance with the statute.[1] *Bingham v. Commonwealth,* Ky., 550 S.W.2d 535 (1977); *Schooley v. Commonwealth,* Ky.App., 556 S.W.2d 912 (1977); and *Hubbs v. Commonwealth,* Ky. 511 S.W.2d 664 (1974).

■ The transferring court's order in the present case only addressed the factors in subsections (1) and (2) of KRS 640.010(2)(b). Because the court did not mention the remaining factors (640.010(2)(b), (3), (4), (5), (6), and (7)), either in the order or on the audio

tape of the hearing, we have no way of knowing if it did indeed consider those factors. The language in KRS 640.010(2) is clear that all of the factors must be considered, as it is provided twice in that section that the "factors" must be considered. Also the word "and" follows the factor in KRS 640.010(2)(b)(6), indicating that each factor must be considered. Accordingly, the district court's findings were not sufficient to accord meaningful review.

■ As to the significance of the district court judge's affidavit, said affidavit was, in essence, a nunc pro tunc order. However, a nunc pro tunc order can only be used to place in the record evidence of judicial action that has actually been taken. It cannot correct an error or supply the record with action that the court failed to make. *Carroll v. Carroll,* Ky., 338 S.W.2d 694 (1960). Thus, the affidavit in the instant case could not cure the deficiency in the district court's transfer order.

As the district court's transfer order was invalid for failing to comply with KRS 640.010, the circuit court never had jurisdiction over appellant. Accordingly, we must reverse appellant's conviction.

The judgment of the Campbell Circuit Court is hereby reversed and remanded for proceedings consistent with this opinion.

All concur.

---

1. The statute in effect at the time of these decisions was KRS 208.170, which preceded KRS 640.010. However, the two statutes are sufficiently similar that those cases remain good law.