Harold Jerome **ANDERSON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 12, 1971.

**71**

Joseph S. Freeland, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Harold Jerome Anderson was found guilty of rape, as denounced by KRS 435.-090, and the jury fixed his punishment at imprisonment for life without privilege of parole. The same jury found Anderson guilty of malicious cutting and wounding contrary to KRS 435.170(2), and fixed penalty on that charge at confinement for twenty years in the state penitentiary. The offenses were tried together by agreement, and the court prescribed that the sentences should run consecutively. The victim in the rape charge was the same person as the victim in the malicious-cutting charge, and the offenses arose in one series of events during a short confrontation between the accused and the victim.

The appellant, who was sixteen years old at the time of the alleged offenses, was a juvenile within the purview of KRS Chapter 208. He contends that there was no affirmative showing in the circuit court that jurisdiction over him had been transferred to the circuit court by the juvenile court, as required by KRS 208.170. The appellant also maintains that it was constitutionally impermissible to allow the jury to impose the penalty of imprisonment for life without privilege of parole.

The record of the circuit court proceedings originally certified by the circuit court clerk contained no showing of any proceeding in the juvenile court and, of course, no indication of the requisite transfer of jurisdiction, as prescribed by KRS 208.170. It is undisputed that appellant was a juvenile at the time of the alleged offenses. Manifestly, reversal would be required because of lack of jurisdiction in the circuit court unless the record may be supplemented to reflect the transfer of jurisdiction of appellant from the juvenile court to the circuit court. Koonce v. Commonwealth, Ky., 452 S.W.2d 822, 824.

After appellant had filed his brief pointing out the failure of the record to make reference to any juvenile court proceeding, the Commonwealth tendered a supplemental record, accompanied by appropriate motion, as provided by RCr 12.60. The ruling on that motion was passed to consideration of the case on the merits, and the motion is now sustained. The supplemental record so tendered is ordered to be filed for consideration of the case upon its merits, for the reasons shown hereafter in the opinion.

It is appropriate to observe that the appellant bases his objection to supplementing the record on two grounds: (1) The tendered matter was not actually a part of the circuit court record; and (2) in any event, it falls short of demonstrating appropriate procedure for transferring jurisdiction in the case from the juvenile court to the circuit court.

The circuit clerk certified that the material in the supplemental record was located among the papers which the clerk described as the "grand jury proceedings." Apparently, there was no court order noting the filing of the papers in the circuit court. It appears that the records were "in" the circuit court before the indictment. At the trial level, no question was ever raised as to whether the appropriate procedures had been followed so as to confer jurisdiction on the circuit court from the county (juvenile) court.

■ Prior decisions of this court make plain that the county court has original, exclusive jurisdiction in juvenile proceedings, and there must be an affirmative showing in circuit court that jurisdiction has been conferred upon the circuit court by the county court. Failing such a showing, the circuit court does not have jurisdiction to proceed against a juvenile in criminal prosecutions. Goodfriend v. Commonwealth, 216 Ky. 573, 288 S.W. 330; Commonwealth v. Franks, 164 Ky. 239, 175 S.W. 349; Koonce v. Commonwealth, Ky., 452 S.W.2d 822. A host of other decisions of this court apply the same rule.

■ Other decisions reflect that if an appropriate order of transfer from county court to circuit court actually was made, a showing of that fact may be made in circuit court "during the course of the trial." See Baughman v. Commonwealth, 206 Ky. 441, 267 S.W. 231; Childers v. Commonwealth, Ky., 239 S.W.2d 255. Neither authority nor reason suggests that the existence vel non of the transfer records becomes an issue for a jury or requires an evidentiary hearing. The issue is purely a legal one to be determined by the court. The presumption may be indulged that the circuit court considered the records of the transfer. Angel v. Commonwealth, 231 Ky. 132, 21 S.W.2d 150. But, if not, this court may review the records which were timely filed in the circuit court to determine whether the required showing of a proper transfer appears. That was the procedure in Crawford v. Commonwealth, 264 Ky. 498, 95 S.W.2d 12. The court rejected the tendered supplemental record in Childers v. Commonwealth, Ky., 239 S.W. 2d 255, because no motion to file it had been made. So, it is entirely appropriate to receive the supplemental record upon appropriate motion. RCr 12.60.

■ It remains to decide whether the supplemental record adequately discloses that the juvenile court took the required steps for transfer of its jurisdiction over appellant to the circuit court. No doubt

exists that the juvenile court had authority to order the transfer of appellant to the circuit court, since he was over sixteen years old, charged with committing a felony. The charge of rape would have warranted the transfer even had appellant been less than sixteen years old. KRS 208.170. The orders of the juvenile court reflect that appellant appeared with counsel (named in the order, who is the same attorney who defended him at trial and represents him on appeal). The orders do not recite that appellant's parent, guardian, or custodian attended the hearing nor that any notice of the hearing had been served on them. It is appellant's contention that the lack of an affirmative showing of notice to appellant's parent, guardian, or custodian, when accompanied by a failure to show that any of such persons attended the hearing, demonstrates that the juvenile court lacked jurisdiction, thereby making it impossible for that court to transfer jurisdiction to the circuit court.

It must be conceded that some decisions of this court lend support to that contention. Among such opinions are:

Commonwealth v. Davis, 169 Ky. 681, 185 S.W. 73 (1916), in which the court held that the juvenile court failed to legally transfer the juvenile to the circuit court where it affirmatively appeared that no notice of the juvenile court hearing was served upon the juvenile's parent, guardian, or custodian. This court said such a failure demonstrated lack of jurisdiction in the juvenile court. No attorney appeared for or with Davis at the juvenile court proceeding.

Compton v. Commonwealth, 194 Ky. 429, 240 S.W. 36, in which there was no notice to anyone standing *in loco parentis* concerning the hearing. The court concluded that the juvenile court had no jurisdiction; hence, it could not confer any on the circuit court.

Edwards v. Commonwealth, 264 Ky. 4, 94 S.W.2d 25, wherein the court expressed doubt that the record sufficiently revealed that the required steps had been taken to show that the county court had acquired jurisdiction so as to enable it to transfer jurisdiction over the juvenile to the circuit court. (The judgment of conviction was reversed on other grounds.) In the opinion it was said, however:

"We have held in an unbroken line of cases that it should affirmatively appear, in the prosecution in the circuit court of a juvenile charged with a felony, not only that the juvenile court had made an order transferring the prosecution to the circuit court, but it also should so appear that all necessary steps to give juvenile courts jurisdiction to render such an order were followed. (Several cases cited.)" Id. 94 S.W.2d at page 28.

It is to be noted that the opinion in Edwards, supra, does not relate in what particular the juvenile court proceedings were questioned.

Robinson v. Kieren, 309 Ky. 171, 216 S.W.2d 925, was a habeas corpus proceeding in which a penitentiary inmate successfully challenged the judgment of conviction as void because the juvenile court order transferring him to circuit court was void. In Robinson, supra, it was shown by the juvenile court order that the juvenile appeared in that court *with counsel*. Because the order mentioned his appearance with counsel but omitted reference to the presence of parent, guardian, or custodian, the court applied the maxim *"expressio unis est exclusio alterius."* Thus, reasoned the court, the absence of parent, guardian, or custodian vitiated the transfer hearing.

On the other side of the coin appears Tipton v. Commonwealth, 221 Ky. 363, 298 S.W. 990. Under the statute then prevailing, the court held that a juvenile brought before the juvenile court pursuant to arrest could be proceeded against without the necessity of the filing of a petition. Thus, no notice to parent, etc., was necessary.

All of this leads to consideration of the landmark cases of Kent v. United States,

383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, 90 A.L.R.2d 284, both of which instruct that proceedings at a juvenile's waiver (to being tried as an adult) must measure up to the essentials of due process and fair treatment. (Gault was not transferred for prosecution as an adult; Kent was.)

On the face of the record, as supplemented, it appears that appellant was arrested June 17, 1969, upon two warrants, one charging rape, the other malicious cutting with intent to kill. Orders of the juvenile court, dated June 30, 1969, substantially identical as to each of the charges, recite that a "hearing" was held by the juvenile court on that date, attended by appellant and his attorney, Honorable Joseph Freeland. Each order then states in part:

> "* * * and the court being of the opinion that the best interests of the said defendant and of the public require that said defendant be tried and disposed of under the regular law governing crimes, * * *."

Appellant was held to await action of the grand jury, bail fixed, in default of which appellant was committed to jail.

▮ Assuming, without deciding, that no notice was formally served on or afforded any parent, guardian, or custodian of appellant, the question arises as to the effect of such an omission in light of his representation by counsel. From a pragmatic viewpoint, it is hardly likely that appellant was able to obtain an out-of-town lawyer of prominence without some adult counsel and assistance. Moreover, one is left to wonder what a parent, guardian, or custodian could have done for appellant which was left undone by his attorney. If there had been a real basis to complain of the lack of the essentials of due process or fair treatment, one could wonder why such a claim was never made in the juvenile court or the circuit court. It is true that pure jurisdictional objections may be presented for the first time on appeal. See

Talbott v. Commonwealth, 166 Ky. 659, 179 S.W. 621; Benge v. Commonwealth, 346 S.W.2d 311. But, only true *jurisdictional* attacks are thus permitted.

The court is of the view that the circumstances of this case disclose no valid basis for an attack on the jurisdictional aspects of the proceedings in juvenile court. KRS 208.020 vests in the juvenile session of the county court of each county the exclusive jurisdiction of proceedings concerning any child living or found within the county, who has not reached his eighteenth birthday, who has committed a public offense. KRS 208.070 prescribes the procedures to be followed by the juvenile court "whenever any person informs the juvenile court that a child is within the purview of KRS 208.020." After a preliminary inquiry the court may "make such informal adjustment as is practicable without a petition, or a petition for proceedings * * * may be filed by any person." KRS 208.080 and 208.090 prescribe procedures for notifying the parent, guardian, or custodian (unless they appear voluntarily) of the substance of the petition and directing such person to "bring" the juvenile before the court at an appointed time and place. KRS 208.110 treats situations in which the minor is taken into custody, and provides that when a peace officer takes a juvenile into custody he shall "notify the parent, guardian or custodian of the child as soon as possible." KRS 208.110(5) directs that the parent, guardian, or custodian shall be notified as provided in KRS 208.080 and 208.090, unless the child is released to such parent, guardian, or custodian after arrest. KRS 208.110 contains the statutory scheme for transferring a juvenile to circuit court to be tried and disposed of under the regular law governing crimes.

No sound reason appears for holding that the juvenile court lacks *jurisdiction* respecting a child charged with crime for failure to notify the child's parent, guardian, or custodian. It might well be that a proceeding, totally without notice, would be *invalid*, but its invalidity would stem from

its failure to afford due process and fair treatment, not from any fundamental infirmity in the court's *jurisdiction*. To the extent that the prior decisions of this court (whether specifically cited herein or not) have been premised on a question of *jurisdiction*, they are regarded as unsound and nonauthoritative.

■ In this framework the failure of appellant, through counsel, to challenge, at least in circuit court, the due-process adequacy of the juvenile court proceedings could well be regarded as failure to preserve the question for appellate review. However, in light of the language of earlier opinions, such a ruling would itself be at least unfair. But, viewed as a due-process question rather than a jurisdictional one, nothing appears which suggests lack of due process or fair treatment. Appellant had able counsel who was far better able to protect his rights than a parent, guardian, or custodian. Not a word is hinted to indicate that more could have been done for appellant in juvenile court than was done there. In light of this, the court holds that appellant's transfer from the jurisdiction of the juvenile court to the jurisdiction of the circuit court was duly accomplished.

■ The trial court erred in submitting as a possible punishment of this juvenile the statutorily permitted "life without privilege of parole" prescribed in KRS 435.090. The court adheres to the rule enunciated in Workman v. Commonwealth, Ky., 429 S. W.2d 374, 33 ALR 3d 326. The court is not persuaded that the present case is distinguishable on basic facts from the Workman case, nor is it inclined to retreat from its ruling because some other jurisdictions hold an opposite view. To the extent that the judgment prescribes "without privilege of parole" to the life sentence, it is erroneous and must be modified by deletion of that provision. When so modified, the judgment stands affirmed.

The judgment is affirmed, subject to modification as noted in the opinion.

All concur.