**Allen Lee BAILEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 12, 1971.

Rehearing Denied July 2, 1971.

Robert W. Zollinger, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal is from a judgment overruling without a hearing appellant's motion under RCr 11.42 to vacate a judgment of conviction on a charge of wilful murder.

The judgment was entered November 23, 1965, when appellant was 16 years of age.

Appellant assails the proceedings had in juvenile court wherein the juvenile court transferred jurisdiction to the Jefferson Circuit Court. While not listed in appellant's "Table of Contents and Authorities," mention is made in appellant's brief that he was not represented by counsel in the juvenile hearing.

Appellant's first assault on the juvenile court proceeding is that no summons was served on his mother (his father having been dead for some time) of the charges against him as required by KRS 208.080.

Filed as Exhibit "B" with appellant's brief is a copy of the order of the juvenile court transferring the case to the circuit court. We quote from the order:

"This matter coming to be heard on a petition sworn to by Lt. Ed. Paul on Sept. 12, 1965, alleging the above named child comes within the Purview of Chapter 208.020 Ky. Revised Statutes, IN THAT: Has committed a public offense, (Murder), IN THAT: On 9–12–65, 11:00 A.M. Bailey was taken into custody for the murder of Clarence Bradshaw Merrifield, C/85, of 2412 W. Walnut St. The victim was shot with a shotgun on the night of 7–16–17–65 and died of results of shooting on 7–31–65 at General Hospital. Allen Bailey admits shooting at subject during a burglary of his home. on said date.

"It further appearing that the parents and persons having custody of ALLEN LEE BAILEY M/N/15 were notified and advised of the offense of which the juvenile defendant was charged with and that in obedience to such notification the Mother Ella Bailey was present in Court on the hearing in the above styled action, it further appearing that the interest of said child and of the public require that he be tried and disposed of under the regular law governing crimes. It is now ordered and adjudged that the said ALLEN LEE BAILEY be and he is hereby transferred to the JEFFERSON CIRCUIT COURT, CRIMINAL BRANCH. He is remanded to the JEFFERSON COUNTY JAIL, without bond."

Appellant filed with his motion to vacate the judgment his own affidavit in which he stated that neither he nor his mother was "served with papers describing the offense"; that he was not represented by counsel; that "no proof was heard under oath or otherwise"; and that he did not plead guilty.

Nowhere does the appellant say he was not guilty of shooting into the dwelling

house of 85-year-old Clarence Bradshaw Merrifield in an attempt to rob the old man. The shotgun blast that struck Mr. Merrifield was allegedly fired through the window. Mr. Merrifield was standing near the window watching for appellant and the other boys to return (Mr. Merrifield had chased them away a short time previously while they were attempting to rob him).

Appellant does not deny that he and his mother were present at the juvenile hearing. KRS 208.080 does not require summons and notice where the "parties appear voluntarily."

■ The juvenile court order transferring the case to circuit court recites that appellant and his mother were present. We think the requirement of summons and notice of the charge was satisfied. Appellant was given a fair and impartial trial in circuit court, where he was represented by counsel. There is no indication that the hearing in juvenile court produced any evidence used on his trial in circuit court, or that he was prejudiced in any manner by the nature of the inquiry in juvenile court. Neither does he allege that the order of the juvenile court is false.

■ Appellant's final argument is that his judgment of conviction should be vacated because he was not represented by counsel in the juvenile court hearing. We held in Smith v. Commonwealth, Ky., 412 S.W.2d 256 (1967), for reasons stated in that opinion, that we would not give retroactive effect to the rules announced in Kent v. United States, 383 U.S. 541, 86 S. Ct. 1045, 16 L.Ed.2d 84 (1966), among which rules is one holding that a juvenile is entitled to be represented by counsel at his trial in juvenile court. We follow Smith, supra, in declining to apply Kent, supra, retroactively in the present case.

The judgment is affirmed.

MILLIKEN, C. J., and NEIKIRK, OSBORNE, STEINFELD, and REED, JJ., concur.