Arlie **FIELDS**, Appellant,

v.

**COMMONWEALTH of** Kentucky,
Appellee.

Court of Appeals of Kentucky.

June 29, 1973.

Rehearing Denied Sept. 14, 1973.

James. C. Brock, Public Defender, Harlan, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

In March 1958, on a transfer of jurisdiction from the juvenile court, 16-year-old Arlie Fields was tried on a charge of murder, was convicted of voluntary manslaughter, and received a 21-year sentence. In April 1972, Fields filed a motion, under RCr 11.42, to vacate the 1958 judgment of conviction, alleging that there was no valid transfer of jurisdiction to the circuit court and that he was not informed of his right to appeal from the judgment of conviction. The circuit court entered an order overruling the motion without a hearing, and Fields has appealed from that order.

The transfer of jurisdiction from the juvenile court to the circuit court is alleged to be invalid because (1) the juvenile court order of transfer was not filed in the circuit court, and (2) the order did not contain a finding that "the best interests of the child and the public require that the child be tried and disposed of under the regular law governing crimes," in accord-

ance with the requirement of KRS 208.170 that the juvenile court be of that opinion before making a transfer.

 The fact that the order of transfer was not filed in the circuit court is not fatal. See Baughman v. Commonwealth, 206 Ky. 441, 267 S.W. 231.

It is true that in Whitaker v. Commonwealth, Ky., 479 S.W.2d 592, which involved an offense committed in March 1971, this court held invalid an order of transfer of jurisdiction which did not recite the finding that "the best interests of the child and of the public require that the child be tried and disposed of under the regular law governing crimes." The basis for that holding was that *due process* required that the juvenile court order set forth the reasons for the waiver of jurisdiction, as held in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L. Ed.2d 84. This court held, however, in Smith v. Commonwealth, Ky., 412 S.W.2d 256, and in Bailey v. Commonwealth, Ky., 468 S.W.2d 304, that retroactive effect would not be given to the rule in *Kent* that a juvenile is entitled to counsel in the juvenile court. We do not conceive that the due process right to have the reasons for transfer of jurisdiction set forth in the order of transfer is of a higher grade than the due process right to counsel. So if the recognition of the latter right, by *Kent*, is not given retroactive effect, there is no reason to give retroactive effect to *Kent's* recognition of the former right.

We hold that the order of transfer of jurisdiction was valid when made and did not rectroactively become invalid.

The appellant's contention that he is entitled to relief under RCr 11.42 because he was not informed of his right to appeal from the 1958 judgment of conviction likewise is not sustainable because there was no rule in effect in 1958 requiring that a defendant be so informed, and the present rule has no retroactive effect.

See Butcher v. Commonwealth, Ky., 473 S.W.2d 114.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.