**Leroy FRYREAR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

Stuart L. Lyon, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

This is an appeal from an order of the Jefferson Circuit Court overruling Fryrear's motion to vacate a judgment pursuant to RCr 11.42.

On May 23, 1969, the Jefferson Circuit Court entered a judgment pursuant to a jury verdict finding Fryrear guilty of murder and rape of nineteen-year-old Faith Ann Callahan. He was sentenced to death on the murder conviction and to life in the penitentiary without benefit of parole on the rape conviction. Fryrear appealed the judgment of death in the murder conviction to this court. He did not appeal the judgment on the rape conviction. On July 2, 1971, we reversed the judgment of death and directed the trial court to grant Fryrear a new trial solely on the issue of punishment in the murder conviction.

Fryrear contends that his sentence to life without privilege of parole on the rape conviction must be vacated, set aside, or corrected as being unconstitutional; and that the trial court erred in refusing to do

so. His argument is predicated on two cases previously decided by this court, Anderson v. Commonwealth, Ky., 465 S.W.2d 70 (1971); and Workman v. Commonwealth, Ky., 429 S.W.2d 374 (1968); where we held that in a conviction of rape, the sentence of life imprisonment without privilege of parole is cruel and unusual punishment as it relates to *juvenile offenders*.

Fryrear calls our attention to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346 (1972), which held that the imposition and carrying out of the death penalty constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. We find nothing in *Furman*, supra, applicable to the issues here.

Fryrear argues that *Furman*, supra, as applied to our ruling in *Workman*, supra, renders the sentence in his case unconstitutional; that by excepting juvenile offenders from this sentence, we are applying life without the benefit of parole selectively.

This contention is without merit. Juvenile offenders have historically been within the exceptions to the regular mode of procedure in dealing with criminal offenders. This came about as a result of society's desire to rehabilitate rather than punish. Juveniles were looked upon as being essentially good, not evil. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

We recognized this concept in *Workman*, supra, when we said:

" . . . The intent of the legislature in providing a penalty of life imprisonment without benefit of parole for the offense of rape undoubtedly was to deal with *dangerous and incorrigible* individuals who would be a constant threat to society. We believe that incorrigibility is inconsistent with youth; that it is impossible to make a judgment that a fourteen year old youth, no matter how bad, will remain incorrigible for the rest of his life. . . ."

**146**

It is true that we have excepted juvenile offenders from the imposition of a sentence to life without benefit of parole. The decision to do so was not whimsical. It was based on the fact that juveniles have historically been labeled as a separate class. We think the distinction is a rational one.

Therefore both *Workman* and *Anderson*, supra, are limited in their scope to juvenile offenders. In *Workman*, supra, on page 377 of 429 S.W.2d, it was made abundantly clear that such limitation was our intention, when we said:

"It seems inconsistent that one be denied the fruits of the tree of the law, yet subjected to all of its thorns."

Fryrear cannot now say that he had, at any time prior to the commission of this heinous crime, been denied the fruits of the tree of the law, for he was at the time of its commission a fully emancipated, previously married adult who was enjoying all of the privileges and immunities that any citizen of this country was at that time enjoying.

Accordingly, the judgment is affirmed.

All concur.