Daryl HAMILTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

March 19, 1976.

Anthony M. Wilhoit, Public Defender, Anna Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

On April 19, 1974, Daryl Hamilton was convicted in the Kenton Circuit Court on a charge of storehouse breaking.

The indictment upon which he was charged and convicted contained two counts, and was returned by the grand jury on January 16, 1974. The first count charged Hamilton with the offense of storehouse breaking. The second count charged him with being an habitual criminal.

The jury returned a verdict of guilty on the charge of storehouse breaking, and fixed his punishment at confinement in the penitentiary for a term of four years. The jury found him not guilty of being an habitual criminal. Hamilton was sentenced in accordance with the jury's verdict.

Hamilton appeals on two grounds. He contends that, (1) he was entitled to a directed verdict of acquittal for the reason that the evidence was insufficient to sustain a verdict of guilty, and (2) the habitual criminal charge based on a 1971 conviction in Kenton Circuit Court was invalid because there was improper waiver of juvenile jurisdiction to the circuit court.

■ This court finds no merit in Hamilton's first contention. The totality of the evidence created a submissible issue of fact for the jury's consideration.

■ Although the jury found Hamilton not guilty under the habitual criminal charge, the submission of that charge to the jury was improper. At the request of this court, the record in this case was supplemented to provide a copy of the waiver of Hamilton from the juvenile court to the circuit court. The waiver does no more than parrot the language of KRS 208.-170(1). The waiver provides that the action of the juvenile court's waiver was "for the best interest of Daryl Raymond Hamilton and the public." This court on a number of occasions has held such waiver inadequate, and requires:

"[E]ither the waiver order, an accompanying statement or, the juvenile record

must include (1) a showing that the juvenile had a hearing at which he was represented by counsel, and (2) a statement of the reasons for the transfer which are specific enough to permit meaningful review for the purpose of determining whether there has been compliance with KRS 208.170(1)." *Hubbs v. Commonwealth,* Ky., 511 S.W.2d 664, 666 (1974); See also *Risner v. Commonwealth,* Ky., 508 S.W.2d 775 (1974).

Hamilton's punishment on Count No. 1, storehouse breaking, was fixed by the jury at confinement in the penitentiary for four years. (The maximum penalty for the charge was five years.)

 The waiver from Kenton Juvenile Court to Kenton Circuit Court was dated December 12, 1970. Hamilton was 16 years old at the time. Subsequent to the waiver, Hamilton was indicted on a charge of storehouse breaking. On February 1, 1971, Hamilton appeared in court with counsel and entered a plea of guilty. He was 17 years old at that time. The trial court sentenced him to a term of two years in the penitentiary. No attack was made as to improper waiver at that time. The question of waiver from juvenile court was not attacked until the indictment in this case was returned. At that time, Hamilton was 21 years of age.

We find no merit in the Commonwealth's argument that Hamilton was barred from contesting the validity of his 1971 conviction. This court has allowed several methods of attack on invalid waivers from juvenile court. In *Hubbs,* supra, the question was raised by direct appeal. If the jurisdictional attack was not raised at the trial, this court has considered it on appeal. *Anderson v. Commonwealth,* Ky., 465 S.W.2d 70 (1971). Where there has been no appeal, this court has been presented with the matter by habeas corpus. *Robinson v. Kieren,* 309 Ky. 171, 216 S.W.2d 925 (1949). The problem was presented to this court on recidivist proceedings based on a prior conviction. *Thomas v. Commonwealth,* Ky., 437 S.W.2d 512 (1969); *Copeland v. Commonwealth,* Ky., 415 S.W.2d 842 (1967). The court recently disallowed a collateral attack on the waiver in a RCr 11.42 proceeding where a prior appeal had been abandoned. *Holt v. Commonwealth,* Ky., 525 S.W.2d 660 (1975).

Hamilton properly raised the invalidity of the improper waiver to circuit court in the recidivist proceedings. First, he made a pre-trial motion to strike the habitual criminal count of the indictment alleging improper waiver. He preserved his challenge to the improper waiver throughout the trial.

 This court does not accept the argument of the Commonwealth that since Hamilton was acquitted of the charge as an habitual criminal, no prejudice was shown. It is indeed ironic that Hamilton received the same penalty on Count No. 1 as he would have received had the jury found him guilty on Count No. 2. The court might be able to accept the Commonwealth's argument of no prejudice had Hamilton received a lesser sentence on Count No. 1. The Supreme Court held:

> "[t]he admission of a prior criminal conviction which is constitutionally infirm . . . is inherently prejudicial and we are unable to say that the instructions to disregard it made the . . . error 'harmless beyond a reasonable doubt' . . .." *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

The count charging Hamilton as an habitual criminal was based upon an invalid conviction on a charge of storehouse breaking in 1971, when he was 16 years of age. Since the waiver was invalid, the circuit court had no jurisdiction to try Hamilton on that charge.

The judgment is reversed with directions that Hamilton be granted a new trial on Count No. 1, charging him with the offense of storehouse breaking.

REED, C. J., and JONES, PALMORE and STERNBERG, JJ., concur.

LUKOWSKY, J., concurs in result only.

CLAYTON and STEPHENSON, JJ., dissent.