**Efrain LAGARES MARTINEZ,**
**Petitioner, Appellant,**

v.

**Leonardo RIVERA RODRIGUEZ, etc.,**
**Respondent, Appellee.**

**No. 76–1431.**

United States Court of Appeals,
First Circuit.

Argued Feb. 10, 1977.

Decided April 14, 1977.

* Of the Eighth Circuit sitting by designation.

** Of the Fifth Circuit sitting by designation.

1. 34 L.P.R.A. § 2004 provides:

Santos P. Amadeo, Rio Piedras, P. R., with whom Jose Enrique Amadeo, Hato Rey, P. R., was on brief, for petitioner-appellant.

Candita R. Orlandi, Asst. Sol. Gen., San Juan, P. R., with whom Roberto Armstrong, Jr., Acting Sol. Gen., San Juan, P. R., was on brief, for respondent-appellee.

Before VAN OOSTERHOUT,* INGRA-HAM,** CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Efrain Lagares Martinez was 16 years old in 1971 when he was charged with first degree murder, assault and battery, two counts of burglary and two violations of the Puerto Rican Weapons Law. A hearing was held in the Juvenile Court of Puerto Rico pursuant to 34 L.P.R.A. § 2004 for the purpose of determining whether that court should waive its jurisdiction over Lagares so that he might be tried in the Superior Court.[1] After the hearing, the judge waived Juvenile Court jurisdiction. When his case came up for trial in 1972 in the Superior Court, Lagares, who was presuma-

"When a child over 16 years and under 18 years of age is charged with the violation of a commonwealth law, the Judge, after investigating the case and concluding that to take cognizance thereof . . . would be at cross pur-

bly aided by counsel, pleaded guilty to a charge of second degree murder and other counts. He was sentenced to 15 years at hard labor.

Lagares brought a petition for habeas corpus in the district court, claiming that the Juvenile Court hearing violated his right to due process because "the Juvenile Court Judge acted as both Judge and Prosecutor, as authorized by the Juvenile Court Act."[2] Lagares maintained that our decision in *Figueroa Ruiz v. Delgado*, 359 F.2d 718 (1st Cir. 1966), controlled. In that case we found unconstitutional the procedure for trying misdemeanors in the Puerto Rico District Court whereby the district judge acted as the prosecutor, presenting the Commonwealth's case in chief and also cross-examining defense witnesses.

In the present case the district court ruled that "the prosecutionless proceedings herein were not the trial on the merits but rather . . . very preliminary proceedings" relating not to the guilt of Lagares but only to the issue of waiver of jurisdiction. The court also ruled that Lagares had not exhausted his avenues of relief in the Puerto Rican courts and, further, that he had waived his right to raise the issue of a defect in the Juvenile Court proceedings by pleading guilty in Superior Court. *See Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The district court therefore denied the petition. We affirm.

Lagares' later guilty plea in the Superior Court plainly precludes him from asserting a defect in the prior juvenile proceedings. In *Tollett v. Henderson, supra*, a state prisoner who had pleaded guilty on the advice of counsel later sought, by *habeas corpus*, to raise the claim that blacks had been systematically excluded from the grand jury which had indicted him. In denying relief, the Supreme Court stated,

"We hold that after a criminal defendant pleads guilty, on the advice of counsel, he is not automatically entitled to federal collateral relief on proof that the indicting grand jury was unconstitutionally selected. The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity. A state prisoner must, of course, prove that some constitutional infirmity occurred in the proceedings. But the inquiry does not end at that point, as the Court of Appeals apparently thought. If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases,' *McMann v. Richardson*, [397 U.S. 759,] 771, 90 S.Ct. 1441, at 1449, 25 L.Ed.2d 763. Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof. Thus, while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief.

"We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty

---

pose with the welfare of the minor or of the community, may waive the jurisdiction of the court . . . .. No resolution or order entered by the court, or evidence adduced against the minor before this court may be offered or admitted as evidence in any civil or criminal case, . . . .."

**2.** We note that the record contains no transcript showing what specific issues were addressed at the hearing and what role the judge actually played in developing the evidence.

plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." 411 U.S. at 266–67, 93 S.Ct. at 1607.

■ *Tollett v. Henderson* controls this case. Before a federal court, upon petition for *habeas corpus*, may reach the merits of Lagares' claimed violation of due process at the juvenile hearing, he would have to show "that the advice [of his counsel when he pleaded guilty in Superior Court] was not 'within the range of competence demanded of attorneys in criminal cases.'" He has made no such showing. As "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea", *id.*, we do not reach "the antecedent constitutional infirmity", i. e. Lagares' due process claim. Clearly the claim is not of such potency as by itself to indicate that the guilty plea was ill-advised.

Because *Tollett v. Henderson* is dispositive and because it has not been made clear what avenues of review, if any, in the Commonwealth courts remain open to Lagares, *see Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), we do not consider the separate question of exhaustion of remedies.

*Affirmed.*