Allen Dale CANARY,
Petitioner-Appellant,

v.

Dr. David H. BLAND, Commissioner of Corrections, Commonwealth of Kentucky, Respondent-Appellee.

No. 77–3459.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 15, 1978.

Decided Sept. 7, 1978.

888

Allen Dale Canary, Kevin Michael McNally, Asst. Public Defender, Frankfort, Ky. [Court-Appointed CJA], for petitioner-appellant.

Robert F. Stephens, Atty. Gen. of Kentucky, David M. Whalin, Miles H. Franklin, Asst. Attys. Gen., Frankfort, Ky., for respondent-appellee.

Before EDWARDS, LIVELY and MERRITT, Circuit Judges.

LIVELY, Circuit Judge.

This habeas corpus action challenges a habitual criminal conviction based in part upon a prior guilty plea entered by petitioner following transfer of his case from juvenile court. It is claimed that failure of the juvenile court to make certain determinations and give reasons for its waiver of jurisdiction as required by applicable Kentucky statutes constituted a denial of petitioner's right to due process. It is also claimed that subsequent failure of petitioner's attorney to object to use of the guilty plea as a basis for habitual criminal charge constituted ineffective assistance of counsel. The district court held that the guilty plea to the adult charges following transfer from the juvenile court cut off any right to complain of constitutional deprivations which occurred prior to entry of the guilty plea, citing *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); and that it was "hardly incompetence" for counsel to fail to do the useless act of challenging the conviction.

In 1968, at age 16, the appellant Allen Dale Canary was charged with storehouse breaking. A hearing was held in the Daviess County, Kentucky juvenile court after which the juvenile judge entered the following order:

July 16, 1968

IN THE INTEREST OF ALLEN DALE CANARY, A JUVENILE

STOREHOUSE BREAKING

This cause coming on for hearing on a warrant charging the above child with storehouse breaking and said juvenile (16-years of age) being represented by his attorney, the Honorable David Yewell, (along with his mother, Mrs. Wanda Canary) and on advice of his attorney he entered a plea of guilty and;

THE COURT BEING SUFFICIENTLY ADVISED, Allen Dale Canary is held to await the action of the August, 1968, Grand Jury. Said juvenile is under $1000.00 bond and being unable to make bond is therefore committed to Juvenile Detention.

/s/ WILLIAM L. BENNETT
Juvenile Judge

I, Charmaine Baird, Clerk of the Daviess Juvenile Court, do hereby certify that the above is a true and correct copy of order entered in Juvenile Book # 4, Page 147, this the 16th day of July, 1968.

/s/ CHARMAINE BAIRD
/s/ Illegible

Following indictment by the grand jury Canary entered a guilty plea in the Daviess Circuit Court to the charge of storehouse breaking and was sentenced to one year. Canary was represented by retained counsel in the juvenile court and by appointed counsel in circuit court.

In 1973 Canary was convicted of the crime of storehouse breaking and of being a habitual criminal. His punishment was fixed by a jury at life imprisonment, as provided by a Kentucky statute which has since been repealed. One of the prior convictions upon which his conviction as a habitual criminal was based was the 1968 guilty plea. The 1973 conviction was appealed by the Kentucky public defender and affirmed by the State's highest court. No issue was raised which challenged reliance

upon the 1968 conviction to invoke the habitual criminal statute. Subsequently Canary attacked the 1973 conviction in two separate collateral proceedings. In one case it was contended that Canary had been denied effective assistance of counsel in 1973 because his counsel did not defend on the ground that his 1968 conviction followed a defective transfer from juvenile court and was not a proper predicate for a habitual criminal charge. In the other action it was contended that the Daviess Circuit Court had no jurisdiction to try Canary in 1968 because of an improper waiver by the juvenile court. Both motions were denied and the Supreme Court of Kentucky affirmed, holding that infirmities in prior convictions must be raised in the recidivist proceedings rather than in subsequent collateral attacks. It further ruled that failure of counsel to raise this issue at the proper time did not deprive Canary of the effective assistance of counsel. In denying the ineffective assistance claim the Kentucky court found that counsel's failure did not reduce the trial to the level of a "farce and a mockery of justice," a test which this court no longer applies to Sixth Amendment claims. See *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974).

In his application for a writ of habeas corpus in the district court Canary sought relief on the same two grounds which he had relied upon in the state post-conviction proceedings. We examine first the claim that failure of the juvenile court in 1968 to comply with statutory requirements in waiving jurisdiction and transferring his case to circuit court denied the petitioner due process of law. The transfer order from the juvenile court clearly did not comply with the requirements of Kentucky Revised Statutes (KRS) 208.170. *Hubbs v. Commonwealth,* 511 S.W.2d 664 (Ky.1974). The order failed to set forth reasons for the juvenile court's waiver of jurisdiction and it made no finding "that the best interests of the child and of the public require that the child be tried and disposed of under the regular law governing crimes . . . ." In *Whitaker v. Commonwealth,* 479 S.W.2d 592, 594–95 (Ky.1972), a similarly deficient

order was held invalid as failing to "satisfy the basic requirements of due process and fairness" as well as failing to conform to the statutory requirements. This holding is in accord with our understanding of *Kent v. United States,* 383 U.S. 541, 557, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), particularly in the light of *In Re Gault,* 387 U.S. 1, 12, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

In *Whitaker* the transfer order was questioned on direct appeal from a conviction following transfer. See also *Bingham v. Commonwealth,* 550 S.W.2d 535 (Ky. 1977). In *Hamilton v. Commonwealth,* 534 S.W.2d 802 (Ky.1976), on facts very similar to those in the present case it was held that a defendant who pled guilty in circuit court was not barred from contesting the validity of transfer from juvenile court in subsequent recidivist proceedings. *Hamilton* also holds that the validity of transfer proceedings may be contested on direct appeal from a conviction following transfer, in a traditional habeas corpus action and by use of Kentucky post-conviction remedies. But see *Schooley v. Commonwealth,* 556 S.W.2d 912 (Ky.Ct.App.1977). However, one convicted as a habitual criminal who does not raise the issue on direct appeal may not thereafter base a collateral attack on that conviction upon an assertion that one of the prior convictions upon which the habitual criminal conviction was based was void. *Thomas v. Commonwealth,* 437 S.W.2d 512 (Ky.1969), *cert. denied,* 397 U.S. 956, 90 S.Ct. 949, 25 L.Ed.2d 142 (1970); *Copeland v. Commonwealth,* 415 S.W.2d 842 (Ky. 1967).

Since Kentucky permits one who has pled guilty after transfer from a juvenile court to contest the legality of the transfer proceedings, by direct appeal and otherwise, we conclude that *Tollett v. Henderson, supra,* is not controlling. The "break in the chain of events" rule of *Tollett* has been held not to prohibit a federal habeas challenge to claimed constitutional deficiencies when state procedure permits appellate review of those issues after a guilty plea. In *Lefkowitz v. Newsome,* 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975), this holding was stated as follows:

. . . when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding.

We believe the *Lefkowitz* exception applies to the present case. In *Lefkowitz,* the right of appeal was established by statute and Kentucky does not have a statute permitting appeals following guilty pleas. However, the Kentucky courts have consistently permitted such appeals to challenge the validity of juvenile transfer proceedings. *Hamilton v. Commonwealth, supra* ; and this practice is sufficient to satisfy the *Lefkowitz* rule. The court in *Martinez v. Rodriguez,* 552 F.2d 390 (1st Cir. 1977), cited by appellee, did not discuss the applicability of *Lefkowitz v. Newsome.*

■ Though Kentucky does permit an appeal following a guilty plea in cases such as this, it limits the stage at which a challenge to the validity of transfer proceedings may be mounted. It does not permit a "flank attack" on a prior conviction which has been relied upon to obtain a habitual criminal conviction. The last opportunity to contest such a prior conviction comes in the recidivist proceedings themselves. *Thomas v. Commonwealth, supra.* This limitation does not deprive one in the petitioner's position of a fair opportunity to contest the legality of the transfer proceedings and order. We conclude that failure to assert this constitutional challenge within the limitation prescribed by Kentucky practice forecloses reliance upon the same claim of constitutional deprivation in federal habeas corpus proceedings absent a showing of "cause" and "prejudice." See *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

A claim of ineffective assistance of counsel constitutes the second ground for habeas relief. This was not an issue in *Wainwright v. Sykes,* where the habeas applicant expressly waived any contention of ineffective assistance of counsel. 433 U.S. at 75 n.4, 97 S.Ct. 2497. Canary is not charging his 1968 attorney with ineffective assistance in failing to attack the transfer proceeding and permitting him to plead guilty. Rather, he claims ineffective assistance at his 1973 trial in the failure of his attorney at that time to challenge use of the 1968 conviction to enhance his punishment for the 1973 charge. No reasonable trial strategy could have warranted failure to challenge introduction of proof of a prior conviction which had the effect of increasing the punishment from a maximum of five years to life imprisonment. The failure must be presumed to have been inadvertent. It is not clear whether this is sufficient "cause" under the rule of *Wainwright v. Sykes, supra,* to permit habeas relief on due process grounds. See *The Supreme Court, 1976 Term,* 91 Harv.L.Rev. 70,217–21 (1977). However, in view of the clear prejudice which resulted to the petitioner, we consider the second ground stated in the habeas petition as a separate claim of a Sixth Amendment violation.

At least as early as 1971 the Kentucky Court of Appeals (now the Supreme Court) interpreted *Kent* and *Gault* as teaching "that proceedings at a juvenile's waiver (to be tried as an adult) must measure up to the essentials of due process and fair treatment." *Anderson v. Commonwealth,* 465 S.W.2d 70, 73–74 (Ky.1971). See also *Whitaker v. Commonwealth,* 479 S.W.2d 592, 594–95 (Ky.1972). Some of the very violations which occurred in *Kent* and were referred to there and in *Gault* as deprivations of due process occurred in the 1968 transfer proceedings in Canary's case. Furthermore, the decision of the Supreme Court of the United States in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), mandated a careful examination for constitutional errors of prior convictions relied upon to enhance punishment in recidivist proceedings.

■ If the defects in the transfer proceedings had been relied upon in the habitual criminal prosecution to challenge use of the 1968 conviction, that conviction would have been eliminated as a basis for enhancement. *Hamilton v. Commonwealth,* .

*supra.* In view of the holdings of the Supreme Court of the United States and of the highest court of Kentucky, counsel in the 1973 proceedings was obliged to bring the infirmities in the 1968 proceedings to the attention of the court in the recidivist prosecution or, at the latest, on appeal from the habitual criminal conviction. Canary was represented in 1973 by the public defender's office, an organization which may be presumed to have particular competence in the area of criminal law. The deficiencies in the transfer proceedings were manifest from the face of the juvenile court order. We conclude that it was a denial of the Sixth Amendment right to counsel as defined in *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974), to fail to challenge use of the 1968 felony conviction as a basis for the 1973 habitual criminal charge.

Noting that the 1968 order of the juvenile court recited that Canary "entered a plea of guilty" in that court, we requested counsel to advise in supplemental briefs whether there was a double jeopardy issue in this case. See *Holt v. Black,* 550 F.2d 1061 (6th Cir. 1977). It is clear that this issue was not raised in any state court proceedings and the exhaustion requirements of 28 U.S.C. § 2254(b) have not been met.

The judgment of the district court is reversed and the case is remanded to the district court for entry of a writ discharging petitioner from custody of respondent to the extent that confinement is based upon the 1973 conviction as a habitual criminal.

MERRITT, Circuit Judge, concurring.

The law of Kentucky was unclear at the time of the 1973 habitual criminal trial of the prisoner, Allen Dale Canary. His innocence under Kentucky law, as it has now developed, is so clear, however, that we must grant the writ of habeas corpus in order to prevent a complete miscarriage of justice. If it reached the merits of the claim, it is quite certain that Kentucky's highest court would now hold that Canary is not guilty of the habitual criminal conviction for which he is serving a sentence of life imprisonment because his 1968 conviction cannot be used as an offense under the habitual criminal statute.[1] The Kentucky courts did not settle this question until 1976, however, three years after Canary's habitual criminal trial, and it was not unreasonable that trial counsel failed to anticipate and predict this development in the law.

If Kentucky law had developed differently after Canary's trial so that it were now clear that the 1968 conviction could be used to support an habitual criminal charge, I do not believe my brothers would issue the writ on grounds that the lawyer failed to raise the argument at trial. It seems to me then that the real basis for the Court's decision is Canary's innocence under Kentucky law.

We should rest our decision on due process grounds, therefore, rather than ineffective assistance of counsel. The "ineffective assistance" rationale unrealistically imposes on trial counsel in this case a fail-safe standard of performance under the sixth amendment. It oversimplifies the task of the criminal defense lawyer and underestimates the difficulty of prophesying developments in the law. In addition, the broad, open ended, almost discretionary nature of the Court's sixth amendment rationale has the potential to create mischief in the criminal law because it undermines the certainty and finality of criminal judgments. Convictions are open to collateral attack in all cases, without regard to guilt or innocence, where the lawyer overlooked making a salient argument in light of later developments in the law. I do not believe this is what my brothers intend. Canary's innocence is the key to the case.

---

1. The Kentucky habitual criminal statute, Ky. Rev.Stat. § 431.190, which was repealed in 1975, provided:

    Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life.

I would base our decision on the principle stated by Justice Black for a unanimous Court in 1960 in *Thompson v. City of Louisville*: "Just as 'Conviction upon a charge not made would be sheer denial of due process,' so is it a violation of due process to convict and punish a man without evidence of his guilt." [2] This principle was recently restated and affirmed in *Vachon v. New Hampshire*: "'It is beyond question, of course, that a conviction based on a record lacking any relevant evidence as to a crucial element of the offense charged . . . violate[s] due process.' " [3]

The only Kentucky case decided prior to Canary's habitual criminal trial which considered the effect of the juvenile court's failure to set forth reasons for the transfer was *Whitaker v. Commonwealth*, 479 S.W.2d 592 (1972). At the habitual criminal trial, this was the only case on the point available to Canary's counsel, the only case he might have used to construct an argument that Canary's 1968 conviction could not be used as a basis for an habitual criminal conviction. *Whitaker* did not involve the use of a conviction as the basis for an habitual criminal charge. Rather, it was a direct appeal of the juvenile's Circuit Court conviction after a transfer from juvenile court. Three defects in the juvenile court proceedings were raised: there was no transfer hearing; the juvenile was not represented by counsel; and the juvenile court provided no reasons in support of its transfer order. Influenced by the United States Supreme Court's opinion in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the Kentucky Supreme Court held that the Kentucky juvenile transfer statute requires that each juvenile transferred to Circuit Court pursuant to that statute is entitled to a transfer hearing, representation by counsel and a statement of reasons in support of the juvenile court's disposition of the case. The exact basis for the Kentucky Supreme Court's ruling is ambiguous:

The [transfer] order does not satisfy [1] the basic requirement of due process and fairness and [2] is not in conformity with the statutory directions controlling a juvenile proceeding. The Nicholas Circuit Court had [3] no discretion to try the juvenile . . . . .

479 S.W.2d at 595.

The same court in 1971, two years prior to Canary's trial, had said in *Anderson v. Commonwealth*, 465 S.W.2d 70, 75, that "to the extent that prior decisions of this court [finding juvenile transfer proceedings defective for failure to enter a transfer order, notify the parents or provide counsel] have been premised on a question of *jurisdiction*, they are regarded as unsound and nonauthoritative." Six months after Canary's trial, the Kentucky Supreme Court in *Fields v. Commonwealth*, 498 S.W.2d 130, 131 (1973) explained that "the basis for that holding [*Whitaker*] was that *due process* required that the juvenile order set forth the reasons for the waiver of jurisdiction as held in *Kent v. United States*."

A lawyer attempting in 1973 to construct an argument that the invalidity of Canary's 1968 juvenile transfer survives his guilty plea and conviction in adult court was faced not only with these cases but with *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), which held:

a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

411 U.S. at 267, 93 S.Ct. at 1608.

In 1976, three years after the Canary trial, the Kentucky Supreme Court in *Hamilton v. Commonwealth*, 534 S.W.2d 802,

**2.** 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654 (1960) (footnotes omitted), *quoting De-Jonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937).

**3.** 414 U.S. 478, 480, 94 S.Ct. 664, 665, 38 L.Ed.2d 666 (1974), *quoting Harris v. United States*, 404 U.S. 1232, 1233, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971) (Douglas, J., in chambers).

addressed in an habitual criminal case for the first time the question of the effect of an adult court conviction after a juvenile transfer order which did not state the reasons for the transfer. Hamilton protested that the juvenile conviction was invalid because of infirmities in the transfer order, including failure to state reasons for the transfer. At the time of his adult court conviction, he had not objected to the transfer and had subsequently entered a plea of guilty to the offense in the adult court. Instead of applying the principles developed in *Anderson, Fields* and *Tollett,* the Kentucky Supreme Court held as a matter of state law that Hamilton was not barred from raising the issue of the invalidity of the transfer order as a defense to the habitual criminal charge because such defective juvenile transfer proceedings deprive the adult court of jurisdiction:

> The count charging Hamilton as an habitual criminal was based upon an invalid conviction on a charge of storehouse breaking in 1971, when he was 16 years of age. Since the waiver was invalid, the circuit court had no jurisdiction to try Hamilton on that charge.[4]

534 S.W.2d at 804.

I do not believe that a lawyer who failed in 1973 to anticipate and make the arguments adopted in the *Hamilton* case was incompetent. In addition, except in rare circumstances not present here, the court should not base its decision on a finding of ineffective assistance of counsel without benefit of a thorough factual inquiry by the district court into the issue as we required in *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974), and most recently in *United States v. Yelardy,* 567 F.2d 863 (6th Cir. 1978). Here, by contrast, neither the attorney whom the court has declared to be incompetent nor judge who presided at Canary's trial has been given the chance to be heard on the issue of whether counsel's representation was "within the range of competence demanded of attorneys in crim-

inal cases." *Yelardy, supra* at 866, *quoting McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

The *Hamilton* case does mean, however, that Canary is not guilty as an habitual criminal under the current laws of Kentucky. Though the infirmity in Canary's transfer proceeding is, at most, a highly technical legal error, the unique nature of a recidivist proceeding transforms what may be only a procedural error in a prior conviction into a substantive failure of proof. To obtain an habitual criminal conviction, the Commonwealth must prove the existence of three, prior felony convictions.

In choosing to define an offense solely in terms of a defendant's prior convictions, the Commonwealth necessarily risks the possibility that at some future time, one of those prior convictions may no longer be valid under current law and that, as a result, a defendant convicted as an habitual criminal might later be "proven" innocent. If, for example, the United States Supreme Court were to rule that, because of the elements of skill involved, a pinball machine is not a "gambling device" within the meaning of 15 U.S.C. § 1171,[5] any defendant who had been convicted under one of those statutes for an offense involving only a pinball machine would be entitled to have his conviction vacated. As a matter of substantive law, the defendant would no longer be guilty of the offense of which he was convicted. Canary's situation is much the same. Since, under present state law, his 1968 conviction is invalid and may not be used to prove him an habitual criminal, the Commonwealth has not met its burden of proving three prior felony convictions. Canary is, in fact, innocent of the charge for which he is now serving a sentence of life imprisonment.

My brothers are concerned that because Canary did not raise the issue concerning the 1968 conviction at his habitual criminal trial, the principles recently announced by

---

4. See also *Crick v. Commonwealth,* 550 S.W.2d 534 (Ky., 1977); *Bingham v. Commonwealth,* 550 S.W.2d 535 (Ky., 1977).

5. *See United States v. 5 Gambling Devices,* 346 F.Supp. 999·(W.D.La.1972).

the Supreme Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), prevent us from issuing the writ on grounds other than ineffective assistance of counsel. I do not believe this concern is well founded for two reasons, *first* because I believe Canary has met the "cause" and "prejudice" tests of *Wainwright* and *second,* and more importantly, because I do not believe that *Wainwright* has any relevance to the fundamental principle of substantive due process stated in the *Thompson* and *Vachon* cases.[6]

The Supreme Court held in *Wainwright* that a defendant who had failed to object to the introduction of his confession at trial and was thereafter barred by Florida procedural rules from questioning its admissibility could not raise the issue in a federal habeas corpus petition absent a showing of "cause" for not complying with state procedures and "prejudice." Since the Kentucky Supreme Court has declined to rule on the merits of Canary's claim because his lawyer did not raise the issue at trial or on appeal or in his first state habeas corpus petition, it might appear that Canary's claim is barred under *Wainwright* unless he demonstrates cause and prejudice.

The Court deliberately left "cause" and "prejudice" undefined, confident that their application would not be permitted to work a "miscarriage of justice." 433 U.S. at 91, 97 S.Ct. 2497. I interpret *Wainwright* and other opinions of the Court to imply, however, that "prejudice" means a serious doubt of the defendant's guilt and "cause" means either that state procedural rules are inadequate or were unfairly applied or that neither the defendant nor his attorney

could reasonably have been expected to know or appreciate the legal significance of the facts upon which the objection is based.[7]

The foregoing discussion makes clear that Canary has demonstrated both cause and prejudice thus defined. Canary has shown "prejudice" in that had he raised the issue of his 1968 conviction at his recidivist trial, he would have been acquitted—at least according to current Kentucky law. He has shown "cause" in that the applicable opinions upon which he relies had not been decided nor could reasonably have been anticipated at the time of Canary's habitual criminal trial.[8] At the time of Canary's 1973 trial, *Kent* and *Whitaker* might have alerted an imaginative attorney to the defect in Canary's 1968 transfer proceeding. No Kentucky decision, however, had held or implied that such a claim survived a subsequent guilty plea entered voluntarily and with competent counsel in circuit court. In view of *Tollett v. Henderson, supra,* moreover, decided the previous year, the chances of such an argument prevailing would have appeared unlikely.

I believe, however, that *Wainwright* has no application here. *Wainwright* aimed at the problem of procedural default in state court and what a majority of the Court perceived to be the overbroad waiver rule of *Fay v. Noia.*[9] *Wainwright* is an effort to find a middle ground between Justice Brennan's majority opinion and Justice Harlan's dissent in *Fay v. Noia.* It has nothing to do with the principle of substantive due process recognized since 1670 that, "if the commitment be . . . for a matter for which by law no man ought to be punished, the courts are to discharge."[10]

---

**6.** See Justice Brennan's suggestion in his dissenting opinion in *Wainwright* that lower courts may interpret the case as an invitation to use the ineffective assistance of counsel argument as a way around the uncertain "cause" and "prejudice" requirements laid down in *Wainwright.* 433 U.S. at 107, 117–18, 97 S.Ct. 2497.

**7.** See *Wainwright, supra; Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *Estelle v.*

*Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

**8.** See *Sanders v. United States,* 373 U.S. 1, 16–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Garland v. Cox,* 472 F.2d 875, 877 (4th Cir. 1973).

**9.** 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

**10.** *Bacon's Abstract,* quoted in *Ex Parte Siebold,* 100 U.S. 371, 376, 25 L.Ed. 717 (1880).

Canary's point is that Kentucky's change or clarification of law has made it clear that he is an innocent person and that his continued imprisonment is a violation of substantive due process. As Justice Harlan said in his searching analysis of "retroactivity" in his concurring opinion in *Mackey v. United States:* [11] "[T]he writ has historically been available for attacking convictions on . . grounds [of substantive due process] . . because it represents the clearest instance where finality interests should yield." [12]

It was well settled prior to *Fay v. Noia* that a defendant whose innocence is established by subsequent changes in law is entitled to federal habeas corpus relief. This conception of substantive due process stands on principles independent of those discussed in *Wainwright.* Although the "cause" and "prejudice" standards may be interpreted to encompass one in Canary's position, those terms are intended to circumscribe procedural rather than substantive claims. *Wainwright* rests on the state's interest in finality in criminal prosecution and respect for its procedural rules. Neither affects the more fundamental principle of our judicial system that "the government has no legitimate interest in punishing those innocent of wrongdoing." [13] That is the basis of my concurrence.

I would hold that because Canary's 1968 conviction may not be taken into account for the purpose of enhancing his present term of confinement, Canary's life sentence must be vacated. Canary is not entitled to resentencing, however. As the Supreme Court first held in *United States v. Pridgeon,* 153 U.S. 48, 62, 14 S.Ct. 746, 751, 38 L.Ed. 631 (1894):

> [T]he imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such por-

tion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offence, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence. [14]

As the trial judge charged the jury at Canary's 1973 trial, if the jury found that Canary had committed three felonies, the habitual criminal statute requires that he be sentenced to life imprisonment. If the jury found only that he had committed two prior felonies, the statute required that the sentence for the second offense be twice that imposed for the first offense. In other words, disregarding for the purposes of sentencing Canary's 1968 conviction, Canary must serve for the 1973 offense a sentence of six years imprisonment which is twice what he received for his 1970 robbery conviction, the validity of which is not challenged. This valid portion of Canary's sentence is clearly severable from the life sentence actually imposed. The statute is mandatory and there is no purpose in remanding the case for resentencing. Canary's sentence should be adjusted to what it would have been had the jury not taken into account his invalid conviction.

See *Bushel's Case,* 6 Howell's State Trials 999 (1670).

11. 401 U.S. 667, 692–93, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971).

12. See Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners,* 76 Harv.L.Rev. 441, 525–28 (1963).

13. *United States v. United States Coin & Currency,* 401 U.S. 715, 726, 91 S.Ct. 1041, 1047, 28 L.Ed.2d 434 (1971). (Brennan, J., concurring).

14. *See Holscher v. Young,* 440 F.2d 1283, 1288–89 (8th Cir. 1971).